1. WILLS—RIGHTS OF LEGATEES—APPORTIONMENT OF INCOME.

   Where testator directed 90 per cent. of the net annual income of his estate to be paid to his wife, and on her death to be paid in equal shares to his two daughters, and the wife died, her executrix was not entitled to all the annual income then earned, but not then due nor collected, but such income was subject to its proportionate part of the expense of the husband's estate, including taxes for that portion of the current year which elapsed prior to the wife's death, under Code Civ. Proc. § 2720, which enacts that all annuities, etc., made payable at fixed periods, shall be apportioned so that,

on the death of the annuitant, his executor shall be entitled to a proportion of the annuity, according to the time which shall have elapsed from the commencement or last period of payment thereof, after making allowance and deduction on account of charges thereon.

2. SAME—REMEDY—ACCRUAL.

Under the further provision of said section, that the executor of the annuitant shall have the same remedies for recovering such apportioned part, when the entire amount of which such apportionment forms a part becomes due, as the annuitant would have had, the time at which such remedies accrue is when the last payment in which the annuitant would have any interest has been made.

3. SAME.

Where the income from securities is bequeathed to one for life, and then to another, the income accruing before the death of the first taker, and collected after that event, should be apportioned between her personal representative and the second taker as of the date of her death.

Judicial settlement of the accounts of Horace G. Young, trustee under the will of Thomas Cornell, deceased.

H. C. Soop, for executor.

A. T. Clearwater, for Mary Augusta Coykendall, Thomas Cornell Coykendall, Harry S. Coykendall, Edward Coykendall, Katharine Coykendall, Frederick Coykendall, and Samuel D. Coykendall.

Cardozo Bros., for Nellie L. Carpenter and Catharine Ann Cornell.

BETTS, S. On February 23, 1897, the trustee herein filed his verified petition asking for a judicial settlement of his accounts, and upon the same day a verified account was filed in this court, bringing the account of such trustee down to February 1, 1897. Objections to various items of the account were filed on behalf of Catharine Ann Cornell, who at that time was entitled to 90 per cent. of the net income of said estate. Hearings were had and adjournments taken until May 15, 1897, when the said Catharine Ann Cornell died in this county, leaving a last will and testament, which was subsequently admitted to probate, and appointing Nellie L. Carpenter, her daughter, as the executrix thereof. Mrs. Carpenter duly qualified, and letters testamentary were issued to her, and she came in and was made a party to these proceedings as such executrix. On June 1, 1897, a supplemental verified account of the trustee, showing the receipts and disbursements of the estate, up to and including the 15th day of May, 1897, was filed in this court. Objections to that account were filed by Nellie L. Carpenter, both individually and as executrix of the will of Catharine Ann Cornell, deceased. Various large payments of income being due the estate in July and August, a second supplemental account was filed by the trustee on the 1st day of September, 1897, which brought the accounts, from and including the 16th of May, 1897, down to and including the 31st day of August, 1897. To this supplemental account various objections were also filed by Mrs. Carpenter individually and as such executrix.

Hearings have been had from time to time, and adjustments and corrections of the various items in these accounts have been made by the trustee, so that now there are only two principal items of objections for me to pass upon, the others having from time to time, by

suggestion of the court or agreement of counsel and trustee, been disposed of, with the exception of various objections in which this court has been asked to change its former rulings and which are hereinafter more fully referred to.    The will of Thomas Cornell, so far as is necessary to be quoted for a proper disposition of the questions at issue here, after devising the estate to trustees therein named during the continuance of two lives in being, provides as follows:

"(4) To pay over unto my said beloved wife, Catharine Ann, for her own sole use, benefit, and disposition, during the period of said 'two lives,' if she shall live so long, or, if not, during her natural life, ninety (90%) per cent. of the net income of my said estate, in lieu of dower or of any rights she may have in any to any part of my estate except as herein provided, the remaining ten (10%) per cent. to revert to my estate. (5) If my said wife should not survive said 'two lives,' but should die before either or the last of said 'two lives,' then, at her death, to pay over unto my two daughters, Mary Augusta and Nellie L., to each one-half of the income heretofore directed to be paid to my said wife, to wit, forty-five (45%) per cent. of the net income of my said estate, to each of my said daughters, share and share alike, during the period, or the remainder of the period, of said 'two lives.' "

The principal item in dispute between Mrs. Carpenter, as executrix of Catharine Ann Cornell, and the remainder-men and Mrs. Coykendall, is as to what part, if any, of the income of the estate up to May 15, 1897, the date of Mrs. Cornell's death, earned, but not due nor collected by the trustee at that time, should be paid to Mrs. Carpenter as executrix of Catharine Ann Cornell's will.    This contention must now be settled by the provisions of section 2720 of the Code of Civil Procedure.    That section is as follows:

"All rents reserved on any lease made after June 7, 1875, and all annuities, dividends, and other payments of every description made payable or becoming due at fixed periods under any instrument executed after such date, or, being a last will and testament that takes effect after such date, shall be apportioned so that on the death of any person interested in such rents, annuities, dividends or other such payments, or in the estate or fund from, or in respect to which the same issues or is derived, or on the determination by any other means of the interest of any such person, he, or his executors, administrators or assigns shall be entitled to a proportion of such rents, annuities, dividends and other payments, according to the time which shall have elapsed from the commencement or last period of payment thereof, as the case may be, including the day of the death of such person or of the determination of his or her interest, after making allowance and deductions on account of charges on such rents, annuities, dividends and other payments.    Every such person or his executors, administrators or assigns, shall have the same remedies at law and in equity for recovering such apportioned parts of such rents, annuities, dividends and other payments, when the entire amount of which such apportioned parts form part, become due and payable and not before, as he or they would have had for recovering and obtaining such entire rents, annuities, dividends and other payments, if entitled thereto; but the persons liable to pay rents reserved by any lease or demise, or the real property comprised therein shall not be resorted to, for such apportioned parts, but the entire rents of which such apportioned parts form part, must be collected and recovered by the person or persons who, but for this section, or chapter 542 of the Laws of 1875, would have been entitled to the entire rents; and such portions shall be recoverable from such person or persons by the parties entitled to the same under this section.    This section shall not apply to any case in which it shall be expressly stipulated that no apportionment be made, or to any sums made payable in policies of insurance of any description."

It is contended by Mrs. Carpenter, as executrix, that all income, except dividends on stock owned by the estate, earned, but not due nor

collected, prior to and including May 15, 1897, should be paid to her by the trustee without any deductions therefrom.   It is, on the other hand, contended by Mrs. Coykendall and her children that the sum due the estate of Mrs. Cornell, if any, could only be ascertained at the close of the fiscal year, and that the portion of income earned, but not collected, should bear its just proportion of the expenses of the estate.   It was shown upon the hearing that the last payment of interest to the trustee, which included any part of the interest earned prior to the death of Mrs. Cornell, was due and payable March 1, 1898, and the one prior to that was due and payable February 20, 1898.   I am informed that the entire amount of payments in which Mrs. Cornell's estate could be interested have been collected by the trustee.

We have seen that the statute provides that "every such person or his executors, administrators or assigns shall have the same remedies at law and in equity for recovering such apportioned parts of such rents, annuities, dividends and other payments, when the entire amount of which such apportioned parts form part, become due and payable and not before, as he or they would have had   *   *   *   if entitled thereto." That time would seem now to have arrived, since the last payment in which Mrs. Cornell's estate is interested has been made.   No good purpose could be served by requiring the executrix of Mrs. Cornell's estate to wait any greater period, and it is in every way desirable that the trustee should understand the proper method to make up his accounts, and to whom the income from said estate should be payable.   The ordinary expenses of the estate, for repairs, clerk hire, etc., are about the same amount from month to month.   It so happens, however, that since the death of Mrs. Cornell the taxes for an entire year have been paid upon the estate.   It may be that some trifling amount for school taxes will have to be paid before May 15, 1898, but that is unlikely, and, if so, the amount would be trivial.

It would be manifestly improper, in making an adjustment between the conflicting rights of the estate of Mrs. Cornell and Mrs. Carpenter and Mrs. Coykendall, the present life tenants, to place the entire amount of those taxes as part of the expenses of the 10 months, when they were in reality for the protection of the estate during an entire year. Indeed, the point is made by Mrs. Carpenter, as the executrix, that the portion to which her mother's estate is entitled should not bear any part of the taxes.   This cannot be maintained.   Had Mrs. Cornell lived, the income earned by the estate would first have paid all the expenses of the estate, including all taxes, and 90 per cent. of the remainder would have been paid her under the provisions of the will. No reason has been shown for any greater exemption to her estate than she would have received if living.   The taxes paid by the estate are so adjusted, for past expenses and anticipated payments, that any adjustment is difficult.   Probably the principal fixed items are for interest on county and municipal indebtedness, which had been running from March 1, 1897, to the date of Mrs. Cornell's death, and have, of course, been accumulating ever since.   The amount due Mrs. Carpenter, as executrix of Mrs. Cornell's will, should at least bear its proportion with the other income of the estate.   Taxes must be paid, and property receiving the benefit therefrom must bear its due proportion.

Since the entire amount of income in which Mrs. Cornell's estate is interested has now been received by the trustee, it is proper that he should file his account, so that the parties interested and the court may know the present condition of the account, and be able to make an intelligent division of the income. The trustee may file a supplemental account to and including the 15th day of March, 1898. That makes ten-twelfths of a year from May 15, 1897, the date of Mrs. Cornell's death. An equitable division may then be had of the income between the executrix of Mrs. Cornell's will and Mrs. Carpenter and Mrs. Coykendall, the present life tenants, as follows: From the gross income from May 15, 1897, to March 15, 1898, 10 months, deduct all expenses properly chargeable to income except the taxes. As we have shown that the taxes for the entire year have been paid, ten-twelfths of the total amount of taxes paid upon the entire estate may also be deducted. The remainder, after deducting all said expenses, trustee's commissions, and ten-twelfths of the taxes from the gross income, will be the net income for those 10 months. Ten per cent. of that net income should be set aside to revert to the estate of Thomas Cornell. Then compute the amount of income (not including any dividends on stocks owned by the estate) which was earned, but not collected by the trustee on May 15, 1897, less 10 per cent. thereof. Deduct from that such proportion for the expenses of the estate for the 10 months, less two-twelfths of taxes paid, as this income bears to the remaining income for the 10 months, less 10 per cent. thereof, and the remainder thus found will be the income due Mrs. Cornell's estate, and shall be at once paid to Nellie L. Carpenter, executrix of Catharine Ann Cornell's will, in full for her interest in the estate of Thomas Cornell. Such part of the remainder of the income, after deducting two-twelfths of the taxes, as the trustee may deem prudent shall be equally divided between Mrs. Coykendall and Mrs. Carpenter.

There seems to be no reported case, construing section 2720 of the Code of Civil Procedure, in which the facts are similar to the one at bar. I have given the subject careful examination, and the conclusions here arrived at are in accordance with the plain reading of the section. Some of its provisions are opposed to the principles of the common law. 2 Perry, Trusts, § 556; Clapp v. Astor, 2 Edw. Ch. 379; Kearney v. Cruikshank, 117 N. Y. 95, 22 N. E. 580. It seems framed to fully meet a case similar to the one before me. Its provisions are clear, and I have construed it accordingly. Some of the income of this estate is also apportionable under the provisions of the common law, aside from section 2720, such as interest on bonds and mortgage and other securities. Trust Co. v. Tobias, 21 Abb. N. C. 393, 4 N. Y. Supp. 211.

Various objections have been made to this account, which were fully passed upon by me at the last hearing in this estate, and reported in 17 Misc. Rep. 680, 41 N. Y. Supp. 539, and subsequently affirmed by the appellate division (44 N. Y. Supp. 585), with the exception of extra compensation to the trustee, which was reversed by a divided court. I see no reason for changing my former ruling. Both sides have appealed to the court of appeals, and the matter is there for determination. Evidence has been introduced showing the situation more in detail than was done on a former hearing, but no new facts have been adduced, nor

new reasons given for any different determination by this court. I adhere to my former decision, and a decree may be entered as to those disputed questions in accordance therewith.

An objection is also made on behalf of Mrs. Carpenter that more than 10 per cent. of the net income of the estate has been passed to the credit of the principal estate by the trustee. That claim does not seem to be well founded. Computations of an expert are submitted to sustain this contention, but, as not unfrequently happens, the expert bases his estimates on incorrect data, which, of course, makes his results differ from the trustee's and from the truth. The expert accountant apparently bases his contention on paragraph 6 of the decree of September 8, 1896, in this estate, which is as follows:

"The testator in the fourth subdivision of his will having directed that 10% of the net income of his estate should revert to the principal estate, it is further ordered, adjudged, and decreed that 10% of the net income of the estate from the 30th day of June, 1894, is the sum of $4,500, and that that sum revert to and become the property of the principal estate."

But paragraph 6 should be read in connection with paragraph 12, which is as follows:

"It is further ordered, adjudged, and decreed that out of the said moneys so belonging to the income account of the said estate the said trustee do pay to the principal estate, and credit to the principal estate account, the said sum of $4,500, the 10% of the net income of the said estate from the 30th day of June, 1894, as stated in the sixth subdivision or paragraph of this decree. and that he do further pay to and credit the said principal estate account with the further sum of 10% of the net income of the said estate from the time to which 10% of the net income of said estate amounted to the said sum of $4,500; such last-mentioned payment to be made by the said trustee in the due administration of the said estate."

The facts are that during the time covered by that decree $45,000 had been paid to Mrs. Cornell, and, as the will directs that 90 per cent. of the income shall be paid her and the remaining 10 per cent. revert to the estate, it was provided by that decree that the trustee should pay $4,500 to the principal estate, and, as some expenses charged to income by the trustee were directed to be charged to the principal estate by the court, it left some additional income to be paid to the widow, Mrs. Cornell, and to revert to the principal estate. This was evidently what the last part of paragraph 12 of the decree was intended to cover in addition to equalizing the payment of $45,000 to Mrs. Cornell. However, $45,000 is 90 per cent. of $50,000, and 10 per cent. thereof is $5,000. Mrs. Cornell has had $45,000, but only $4,500 has been credited to principal estate; so, instead of the trustee paying to the principal estate too much, he should really pay $500 more, to comply with the provisions of paragraph 12 of that decree and with the will of Thomas Cornell.

My attention may be called to some part of the accounts now before me where this has been done, but I have failed to find it, and my understanding of the latter part of paragraph 12 was that the trustee, under its provisions, was to pay sufficient to the principal estate to equalize the 90 per cent. paid to Mrs. Cornell. The trustee in his account will therefore credit the principal estate with $500 from the income account. It may easily be that some objection, not satisfactorily settled or

withdrawn, has been overlooked by me; if so, upon my attention being called to it I will pass on it at once.

A decree may be handed up in accordance with this memorandum.