In the Matter of the Estate of CAROLYN Y. WANZER, Deceased.

Surrogate's Court, Monroe County, January 19, 1942.

*A. J. Rodenbeck*, for the petitioner and remainderman.

*Goodwin, Nixon, Hargrave, Middleton & Devans* [*A. W. Dunbar* of counsel], for the executrix and life beneficiary.

FEELY, S. The husband of the above-named testatrix died on the 16th of November, 1941. With his death ended the term of certain rights to income from a trust fund, which testatrix in her last will had created for his benefit during the term of his natural life. The will created this trust in ordinary, simple form. Nothing else in the will throws any light on the present question, which arises on the conceded facts that on the fourth day before the death of this life beneficiary there had been declared an ordinary cash dividend on each of two lots of common stock held in the trust, both of which still stand in the name of the testatrix. One of the dividends was declared by the Eastman Kodak Company, which amounted to $1,000; and likewise a similar dividend had been declared on the same day by the Packard Motor Company, which amounted to ten dollars. One company made its dividend payable at a date that came six days after the death of the life beneficiary happened; and the other about twenty days after the death. It does not appear on this submission what else, if anything, either resolution contained. The assumption is that these dividends all came out of current earnings and profits.

Upon the judicial settlement of the trust estate the remainderman claims these two dividends; but his claim is resisted by the executrix of the sometime life beneficiary.

Amid the diversity of practice and opinion that exists in matters of this kind (see 130 A. L. R. 492), the State of New York maintains still, as its general rule, that ordinary cash dividends out of current earnings and profits become the property of the person

or body which owns the stock at the date the dividend is declared. This rule is applied here not only between a testator's estate and his legatee, as in *Matter of Kernochan* (104 N. Y. 618); *Matter of Leavitt* (86 Misc. 609); *Matter of Wolfe* (155 id. 190), and formerly, in England, as in *De Gendre* v. *Kent* (L. R. 4 Eq. 283); but it is also applied between a life beneficiary and a remainderman under the same will or trust, as in the cases cited below. Decisions in one group are pertinent in the other in fixing the decisive date of ownership, because in both those classes of cases the transfer is merely testamentary or donative in essence, resting ultimately on a statutory base; and does not rest upon any contract, consideration of value, nor is it affected by market sales customs.

The reasons given by the courts in support of that rule as to those merely donative or testamentary transfers are deduced from the general nature of a corporate dividend. Cases too numerous to cite here, hold that the declaration of a dividend is a written admission of an indebtedness in a fixed sum, which does not give rise to a contractual relation between the corporation and the stockholder; but merely created a debt of definite amount in favor of the latter against the corporation; nor does the declaration necessarily add an accessory to the stock itself; but the dividend is an independent obligation, separate from the stock itself, and forming no part thereof. Any modification of that essential feature is the result of contract or market sales customs.

Aside from those modifications, as Messrs. Dodge and Sullivan note in their book, Estate Administration and Accounting (p. 389): " It matters not that the dividend is paid after death.  *  *  * The rule is the same even where the dividends are payable to stockholders of record as of a date after the death of deceased. The Uniform Principal and Income Act adopts this intermediate date, when the stockholders of record are determined, as the controlling one, but the New York cases have held that the record date is only for the convenience of the dividend declaring corporation and does not determine substantive rights."

Mr. Butler, in his work on New York Surrogate Law and Practice (vol. 2, § 1403), states: " The law is thoroughly established that the specific legatee is not entitled to the dividend which, from the moment of declaration, becomes an item of property, separate and distinct from the stock itself. Misunderstanding is occasionally engendered in this connection by reason of a stock exchange custom, which holds that a buyer of stock upon which a dividend has been declared is entitled to the dividend, if the stock is purchased by him subsequent to the date of declaration, but prior to the date of closing of the books for its payment. Of course such custom

does not control in decedent devolution, since devolution takes place by operation of law, and not pursuant to transactions upon an exchange where custom may attach to them."

It has also been said that, as between a life tenant and a remainderman, the rule is that " Dividends declared before the death of the life tenant belong to his estate, although they are not payable until after that event."

In support of that statement just quoted, Ruling Case Law (vol. 7, p. 291) cites an annotation (45 L. R. A. 394) which summarizes two English cases that were decided before the Apportionment Act of 1870, five years before our act was adopted; and those two are *Wright* v. *Tuckett* (1 J. & H. 266; 70 Eng. Reprint, 747) and *Paton* v. *Sheppard* (10 Sim. 186; 59 Eng. Reprint, 584). The first case sustains the quotation; and the reporter notes that it was followed in *De Gendre* v. *Kent* (*supra*). The case of *Paton* v. *Sheppard* (*supra*) also supports the citation. It will be discussed later, with a New York ruling in a case where the life beneficiary died also on the due date.

In *Matter of Armstrong* (N. Y. L. J. Feb. 10, 1936, p. 741) Surrogate FOLEY said: " I hold that the dividends declared during the life of the beneficiary of the trust created by the third codicil but not paid until after her death are now payable to her estate."

So, in *Helverling* v. *McGlue's Estate* (119 F. [2d] 167), a Circuit Court held that the dividends declared by a New York corporation before a taxpayer's death, although payable to stockholders of record at a date after his death, represented under New York law accrued income at the time of taxpayer's death; and that section 62 of the New York Stock Corporation Law was passed merely for the purpose of protecting a corporation from liability where, without notice of a stock transfer, the corporation paid dividends to the person who appeared on its books as the owner of the particular stock. The court referred to a note in the Georgetown Law Journal ([1938] vol. 27, pp. 74, 78).

The point has likewise been passed upon (1940) by the Delaware Court of Chancery in *Wilmington Trust Co.* v. *Wilmington Trust Co.* (—— Del. Ch. ——; 15 A. [2d] 665). Its ruling is summarized (130 A. L. R. 495) as follows: " The estate of a life beneficiary who died after date of record but before the date of payment fixed by the resolution was held entitled to the dividend, notwithstanding that the will contained a spendthrift provision, and expressly directed that all payments of income should be made only as the same accrued and not by way of anticipation."

Two cases were reported in which the life beneficiary died on the day the dividend became due. In *Paton* v. *Sheppard* (*supra*)

a husband and wife were life beneficiaries under a trust, made before the Apportionment Act of 1870, in the nature of a marriage settlement, in the corpus of which certain corporate shares were included. On the same day the husband died a half-yearly dividend on the shares became due and payable. This was claimed by the widow and also by the remaindermen. The Vice-Chancellor ruled that as the husband might have received those dividends on appearing at the bank at any time on the day they became due, they must now be held to form part of his personal estate. Rent, on the contrary, could not be collected until the end of the day, or term. (See *Matter of Franklin*, 26 Misc. 107.) In the case now in hand it does not appear that either corporation had made the dividend payable " at the close of business " on the specified day of payment. Even if they had, there is authority for holding it would have been immaterial in this *Wanzer* case.

Similarly, in *Matter of Booth* (139 Misc. 253) a dividend declared on September thirtieth was made payable on October ninth next to stockholders of record on the seventh of October. Although the stockholder died at seven o'clock in the morning of October seventh, his estate was held entitled to the dividend, on the authority of numerous analogous New York cases cited in the opinion, many of which are also cited in the contract case of *Lunt* v. *Genesee Valley Trust Co.* (162 Misc. 859; and see 83 A. L. R. 1261).

Even in the case of stock dividends there is an analogous general rule. In *Matter of Marvin* (135 Misc. 899) the court held that the date on which a stock dividend was declared by the directors of an insurance company was the governing date for apportionment of the stock dividend between the life beneficiary and the remainderman under a testamentary trust (see, also, *Macy* v. *Ladd*, 128 Misc. 732); but it should be noted that the apportionment here intended was that which is designed to avoid encroachment on capital; and does not refer to a division of income as such between the life tenant and the remainderman. In the latter case, our courts do not allow any apportionment of mere income from stock. Dividends on corporate stock that are not required to be made " at fixed periods " are not apportionable under section 204 of the Decedent Estate Law, which is the present form of our Apportionment Act of 1875. (See *Matter of Young*, 23 Misc. 223; *Riggs* v. *Cragg*, 26 Hun, 89, 99.) In *Matter of Kane* (64 App. Div. 566) the deed of trust expressly reserved to the life beneficiary-settlor, " all dividends declared upon said stock for the term of his life."

Until New York shall see fit to enact that such dividends must be deemed to accrue day by day, like rent, etc., and are apportion-

able; and do not become the property of any stockholder until the close of business on the day set for payment, as the record of stock ownership may then appear to be (see Restatement of Law of Trusts, vol. 1, chap. 7, § 236, subd. M), this court is clearly bound to follow the established line of decision above illustrated, and to award the $1,010 of dividends now in question, in their entirety, and without any apportionment, to the estate of the life beneficiary.

On notice, submit for signature and entry a decree of judicial settlement in accord with this decision, as regards the dividends in question.