Post *v.* Clark.

---

CALVIN G. POST *vs.* EDWARD C. CLARK.

The plaintiff had agreed to return to the defendant certain casks and had sent them to him by railroad and they had in fact been delivered at the defendant's store, but he was ignorant of the fact. The defendant, supposing they had not been returned, sent an officer with a writ of attachment and with directions to serve the writ upon the plaintiff unless he paid a certain sum as the value of the casks and for costs. The plaintiff, supposing the casks must have been lost on the way, paid the amount demanded. Afterwards, having ascertained that they had been delivered, he brought an action of assumpsit to recover back the money paid. Held that the payment was not to be regarded as a voluntary one, and that the money could be recovered back.

ASSUMPSIT, for money had and received, brought, by appeal from a justice of the peace, to the Superior Court in Middlesex County. The following facts were found by an auditor.

In August 1866, the plaintiff, who resided in Saybrook, contracted there with one Farnham, the defendant's agent, for two casks of ale to be delivered to him at Saybrook; and it was a part of the agreement that the casks, after the contents were sold, were to be returned by the plaintiff to the railroad depot at Westbrook, to be thence forwarded by railroad to the defendant at New Haven, and were not to be paid for by the plaintiff.

The casks were emptied of their contents on or before the first day of November, 1866, and were delivered by the plaintiff at the Westbrook depot, to be forwarded to the defendant,

on the 9th of April, 1867, and they were forwarded by the railroad to the defendant, and received and receipted for at New Haven by one Waterman, a carman employed by the defendant. The plaintiff, shortly before delivering the casks at Westbrook, requested the driver of the stage between Saybrook and New Haven to inform the defendant that the casks would be returned on a certain day.

On the 6th of June 1867 the defendant, in good faith, and without personal knowledge that the casks had been returned, and supposing that they had not been, caused an action for their value to be instituted against the plaintiff, and placed the writ in the hands of a proper officer for service, who on that day called with the writ on the plaintiff and read the same to him and stated to him, by direction of the defendant, that unless the value of the casks and the sum of $4.00 costs then accrued, ($1.68 of which was for the writ and the balance for the fees of the officer,) were immediately paid by the plaintiff, he should attach his property on the writ. The plaintiff to save his property from attachment, and supposing that the casks were lost, and that he was liable to the defendant for their value, after some hesitation paid the officer $12.00 in satisfaction of the claim and costs, and said to the officer at the time that this was not the last of it, and that he would bring a suit before long to recover back the amount paid by him if it should turn out that the casks were not in fact lost. The plaintiff knew that the casks had been returned to Westbrook, and supposed they had been lost at Westbrook, or between there and New Haven, and could not have ascertained the contrary without a journey to New Haven, which journey he made immediately after the payment to the officer, and thereupon did ascertain the contrary. The first notice the plaintiff had that the defendant claimed that he was liable to pay for the casks was when the officer called on him to make service of the writ, but he received two letters from the defendant asking him to return the casks, the last of which was dated on the 28th of March, 1867. In the

Post *v.* Clark.

plaintiff's agreement with Farnham, the agent, no time was named for the return of the casks.

Upon these facts the Superior Court (*Sanford J.*) rendered judgment for the plaintiff for the amount claimed, and the defendant brought the record before this court by motion in error.

*Alling,* for the plaintiff in error, cited 1 Esp. N. P., 5, 6; *Mowatt* v. *Wright,* 1 Wend., 355; *Martin* v. *Morgan,* 1 Brod. & Bing., 289; *Milnes* v. *Duncan,* 6 Barn. & Cress., 671; *West* v. *Houston,* 4 Harring., 170; *Irvine* v. *Hanlon,* 10 Serg. & R., 219; *Mutual Life Ins. Co.* v. *Wager,* 27 Barb., 354; *Forbes* v. *Appleton,* 5 Cush., 115; *Sheldon* v. *South School District,* 24 Conn., 88; *Cobb* v. *Charter,* 32 id. 364: *Brown* v. *M' Kinnally,* 1 Esp., 279; 2 Smith Lead. Cas., 237; *Hamlet* v. *Richardson,* 9 Bing., 644; *Wilson* v. *Ray,* 10 Ad. & El., 82; *Elliott* v. *Swartwout,* 10 Pet., 137, 155; *White* v. *Ward,* 9 Johns., 232; *Loomis* v. *Pulver,* id., 244; *Fuller* v. *Shattuck,* 13 Gray, 70; *Loring* v. *Mansfield,* 17 Mass., 394; *Benson* v. *Monroe,* 7 Cush., 125; 1 Swift Dig., 311, 409; *Bulkley* v. *Stewart,* 1 Day, 130; *Walbridge* v. *Arnold,* 21 Conn., 424, 431; *Preston* v. *City of Boston,* 12 Pick., 7, 13; *Knibbs* v· *Hall,* 1 Esp., 84.

*Willcox,* for defendant in error.

PARK, J. It is familiar law that the action of indebitatus assumpsit for money had and received lies for the recovery of money which *ex equo et bono* ought to be paid to the party suing for it. The law on this subject is thoroughly considered in the cases of *Northrop* v. *Graves,* 19 Conn., 548, and *Cobb* v. *Charter,* 32 Conn., 358. The principle of these cases decides the questions in controversy in this case.

It is evident that the defendant has no right in equity and good conscience to retain the money, so far as having any original claim to it is concerned. He had not the slightest demand on the plaintiff. He received the money in payment for casks that were then in his possession. They had been

loaned to the plaintiff and returned to him, and although he was not aware of the fact, still he ought to have informed himself on the subject, inasmuch as the return of the casks was not only in accordance with the contract in relation to them, but also with the line of business he was pursuing. The means of knowledge were in his possession, for his own agent had receipted for them.

But the defendant does not hope to succeed in the case by virtue of any right he had to the money. He relies wholly on the claim that the payment was voluntarily made by the plaintiff. This is a singular position to take under the circumstances. The defendant sent an officer with instruction s to attach the plaintiff's property unless he paid immediately the sum of twelve dollars for the casks and expenses. The officer performed his duty, and the plaintiff in order to avoid the attachment of his property paid the demand. The case finds that the plaintiff did not know that the casks had been received by the defendant, but supposed that they were lost on the way to him. He would not have paid the money if he had known this all important fact. He paid the money then without full knowledge on the subject, and the question arises was he guilty of negligence in neglecting to avail himself of the means of knowledge in his possession to ascertain the fact ?

Full and adequate means of knowledge are equivalent to knowledge itself under ordinary circumstances. *Martin* v. *Morgan,* 1 Brod. & Bing., 289; *West* v. *Houston,* 4 Harr., 170; *Forbes* v. *Appleton,* 5 Cush., 115; *Sheldon* v. *South School District,* 24 Conn., 88; *Cobb* v. *Charter,* 32 Conn., 364.

What means of knowledge had the plaintiff that the casks had been received ? He had sent them to the railroad station to be conveyed to the defendant, in accordance with the agreement; and the defendant says that he could have traced them into his hands. But what was there to apprise the plaintiff of this fact ? An officer comes from the defendant with a writ to attach his property, unless he immediately pays the value of the casks. The demand was equivalent to a declaration of the defendant that the casks had not been received. There was nothing whatever to lead him to suppose that the

defendant was making a claim upon him for the value of casks already in his possession.  He could not suspect this without entertaining suspicions of the defendant's honesty.  It comes with poor grace from the defendant to say that the plaintiff was guilty of laches because he believed the casks were lost on the way to him and did not suspect that he was practicing fraud upon him.

We think it is clear that the payment was made under a misapprehension of the facts and that the defendant *ex equo et bono* has no right to retain the money.

The case might be put on another ground equally tenable for the plaintiff, but it is unnecessary to consider it.

There is no error in the judgment complained of.


In this opinion the other judges concurred.