[Civ. No. 1572.  Second Appellate District.—September 26, 1914.]

ALTON M. CATES, Appellant, v. CONSOLIDATED REALTY COMPANY (a Corporation), Respondent.

CORPORATIONS—DIVIDENDS ON ATTACHED STOCK—TO WHOM BELONG.— All dividends accruing from attached stock are impounded with the stock itself, and pass with it to the execution purchaser.

ID.—RIGHT TO DIVIDENDS—WHEN STANDS SEPARATE FROM STOCK.—But the right of the execution purchaser to the dividends remains separate from the stock.

ID.—ASSIGNMENT OF STOCK—RIGHT TO DIVIDENDS.—Hence a mere assignment of the stock by the execution purchaser does not pass any interest in past dividends or any right of action thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Cates & Robinson, and Stewart & Stewart, for Appellant.

Jones & Weller, for Respondent.

CONREY, P. J.—In this action judgment was entered in favor of the defendant after an order had been made sustaining a general demurrer to the complaint without leave to amend.  Plaintiff appeals from the judgment.

In a certain action in the superior court, wherein Vickrey and another were plaintiffs, and Maier and another were defendants, an attachment was issued and regularly served upon

the defendant corporation, covering certain shares of stock belonging to the defendants in that action. The plaintiffs obtained judgment and at an execution sale by the sheriff they purchased said shares of stock and received a certificate of purchase, thereby becoming the owners of the stock. Between the date of the attachment·and the time of the execution sale several dividends were declared by the corporation, some of which were paid to the defendants in the attachment suit, and one of which remains unpaid.

After the plaintiffs in the former action had purchased the stock at the sheriff's sale they transferred to this plaintiff ''all their right, title, and interest in and to said 34 shares of the stock above described, and all thereof.'' No assignment to plaintiff is alleged, except as shown by the language quoted in the preceding sentence.

The position stated by appellant is that the right to dividends inheres in shares of corporate stock, and is held under levy of attachment on the shares and passes to the execution purchaser of shares attached. With this contention we agree, and it is not denied by the respondent. In *McCarthy Co.* v. *Boothe,* 2 Cal. App. 170, [83 Pac. 175], this court declared that all of the profits and dividends to accrue from attached stock are impounded equally with the stock itself. (See, also, Cook on Corporations, 5th ed., sec. 484.)

It is suggested, however, that the plaintiff cannot recover because the assignment under which he claims did not include any interest in past dividends. The transfer to him was of the stock only and he took the stock as it stood. With this contention we agree. The plaintiff's position is precisely the same as if, without any attachment, the stock had been transferred by the owners thereof to the plaintiff after these dividends were declared. The fact that plaintiff's assignors might have maintained this action, is of no benefit to plaintiff, since it is not shown that they transferred to plaintiff anything more than the stock as it stood when assigned to plaintiff. When the dividends were declared they became a personal debt from the corporation to the defendants Maier et al., but remained subject to the lien of the attachment. The execution sale, therefore, carried to the purchasers the right to these dividends, but this right retained its character as a right to the benefit of declared dividends and remained separate from the stock. Therefore, the mere assignment of the

stock did not carry with it a right of action on the dividends. (10 Cyc. 557; Cook on Corporations, 4th ed., sec. 539; *Hopper v. Sage,* 112 N. Y. 530, 8 Am. St. Rep. 771, [20 N. E. 350].)

The demurrer was properly sustained, and the judgment is affirmed.

James, J., and Shaw, J., concurred.