RICHTER AND COMPANY vs. JOHN H. LIGHT, TRUSTEE.

First Judicial District, Hartford, March Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KELLOGG, Js.

The directors of a corporation may declare a dividend and make it payable at a prescribed date in the future, to stockholders of record at some definite intermediate date.

A sale of shares of stock after the declaration of a dividend and before it becomes payable, entitles the purchaser to the dividend in the absence of any agreement to the contrary; and although the shares are not transferred upon the books of the corporation before they close, owing to the neglect of the seller to make a prompt delivery of the certificates, he is nevertheless bound to turn over the dividend received by him from the corporation, or an equivalent amount, to the purchaser, since the latter was in fact the owner of the stock when the dividend became payable.

Argued March 8th—decided March 29th, 1922.

ACTION to recover moneys received by the defendant as dividends on shares of stock theretofore sold by him to the plaintiffs, brought to and reserved by the Court of Common Pleas in Hartford County, *Dickenson, J.,* upon a demurrer to the complaint, for the advice of this court. *Court of Common Pleas advised to overrule the demurrer.*

The complaint alleges that on October 21st, 1919, the directors of The Stanley Rule & Level Company, a corporation organized under a Special Act of the General Assembly of this State and located in New Britain, declared a dividend on its capital stock, to be paid on January 1st, 1920, to stockholders of record on December 26th, 1919; and an extra dividend to be paid in part on December 29th, 1919, and in part on January 1st, 1920, to stockholders of record on December 26th, 1919.

On October 21st, 1919, the defendant was the owner of seventy shares of the capital stock of this corporation, which then stood in his name on its books. On December 16th, 17th and 19th, 1919, the defendant sold these shares to the plaintiffs, who have been engaged in the business of buying and selling stocks, bonds and other securities; but the certificates were not delivered by the defendant in time to be transferred to the plaintiffs on the books of the corporation, which were closed for transfer of stock from December

26th, 1919, to January 1st, 1920, and therefore the transfers to the plaintiffs were not actually made until after the latter date.

The defendant received all the dividends payable on these seventy shares of stock, on December 29th, 1919, and on January 1st, 1920, and refuses to pay or account for them to the plaintiffs.

The defendant demurred to this complaint because (1) it appeared that the dividends which the plaintiffs sought to recover were declared before they bought the defendant's stock, and there was no special agreement that they should belong to the transferees; (2) that when the dividends were declared they became thereby the defendant's individual property, and the subsequent transfer of the stock to the plaintiffs carried with it no right to the dividends; and (3) that the plaintiffs were not stockholders of record at the time fixed for the payment of the dividends, and it did not appear that the legal title to the stock had vested in them at that time.

*John H. Light*, for the defendant.

*Edward M. Day*, for the plaintiffs.

BURPEE, J.   The declaration of a dividend by the board of directors of a corporation severs from its assets a portion to be distributed among its stockholders in proportion to their respective holdings.   Thereupon the share of each stockholder vests in him as an individual.   *Cogswell* v. *Second National Bank*, 78 Conn. 75, 81, 60 Atl. 1095, 204 U. S. 1, 27 Sup. Ct. 241.   It makes no difference when the assets were accumulated. *Phelps* v. *Farmers & Mechanics Bank*, 26 Conn. 269; *Beers* v. *Bridgeport Spring Co.*, 42 Conn. 17; 5 Thompson on Corporations (2d Ed.) 127, 128; 14 Corpus

Juris, 818. Unless otherwise provided by statute, by the corporate charter, or by other governing instrument or contract, the authority to declare a dividend is in the board of directors only, and unless they act fraudulently, unreasonably, or with unjust discrimination, their discretion will not be interfered with by the courts. 14 Corpus Juris, 807, 808, 813; 6 Fletcher, Cyc. of the Law of Corporations, 6073; 2 Cook on Corporations (7th Ed.) 1588; 5 Thompson on Corporations (2d Ed.) 95, 103. To determine whether and when a dividend shall be declared, rests within their discretion; and if declared, they have the power to fix the amount, time, place, manner and means of payment, whether it shall be in stock, cash or property, with only such limitations as reason and good faith with the stockholders may require. 14 Corpus Juris, 808; 810; 6 Fletcher, Cyc. of the Law of Corporations, 6115, 6116. As they may determine and declare the amount of the dividend and its conditions and terms, they may prescribe the day when the division shall be made and take effect, and specify that it shall be paid to stockholders of record on its books on that day. In the case of *Cogswell* v. *Second National Bank,* 78 Conn. 75, 81, 60 Atl. 1095, it appears that the stockholders in May, 1900, voted to reduce its capital stock and to set aside a part of the assets of the bank to be collected for the benefit of stockholders of record at the date of the certificate of approval of the reduction by the United States Comptroller of the Currency. This certificate was subsequently issued and dated on June 9th. On June 27th the directors passed a vote in form, declaring a dividend from the surplus assets of the bank to be distributed to stockholders of record on June 9th. This court held that the dividend thus declared on June 27th became vested in the stockholders of record on June 9th, and that they

or their assigns were entitled to whatever might be distributed. In *Second Universalist Church* v. *Colegrove,* 74 Conn. 79, 83, 49 Atl. 902, the directors on a day prior to January 8th, declared a dividend to stockholders of record at the close of business January 8th, and ordered its books closed for transfer of stock at 3 p. m. of that day. The specified stockholders on January 8th were held to be entitled to receive the payment of dividends declared before that day.

The power of the directors to declare a dividend which shall vest in the stockholders of record on the day when their resolution is passed, implies and includes the power to declare a dividend which shall vest in the stockholders of record on another day. Before the declaration, the assets of the corporation belong to the corporation, and the stockholders as individuals have no legal right to any share therein. It is . the declaration of the dividend that sets apart a portion of the assets to be distributed as dividends and vests in each stockholder individually the legal title to his proportion of them. *Spooner* v. *Phillips,* 62 Conn. 62, 70, 24 Atl. 524; *Cogswell* v. *Second National Bank,* 78 Conn. 75, 81, 60 Atl. 1059; 14 Corpus Juris, 799; 6 Fletcher, Cyc. of the Law of Corporations, 6061. The division made by their declaration creates debts in favor of certain individuals, and it is wise for the directors to define to whom these debts shall be due and when they shall be payable. Thereby the rights of all persons will become fixed and absolute; and thereupon the title will vest in each individual as one "of the payees so named." *Cogswell* v. *Second National Bank,* 78 Conn. 75, 81, 60 Atl. 1059.

It is a matter within common knowledge, that to prevent uncertainty and confusion in business transactions often involving the ownership of large sums of money, and to determine definitely the rights and obli-

gations of the corporation to its present and to its future stockholders, and to fix accurately the status of each of them toward the corporation and toward each other, it has long been the custom of directors to declare distinctly that the dividend shall be made to stockholders of record on a specified day, payable on a named day thereafter, and that the transfer books shall be closed from the first to the later day. Apparently these men, accustomed to control the affairs of large business enterprises, have generally deemed it wise to declare precisely who shall be the persons whose relationship to the corporation is to be changed, at least in some measure, from that of joint owners to that of individual creditors, and to prescribe exactly when this change shall be made. We know of no reasonable objection to, or principle of public policy against, this custom. Certainly one who is a stockholder of record on the day when a dividend is declared cannot reasonably complain because the title to the dividend will not vest in him until a future day. It is optional with him to retain his stock until he shall be entitled to the dividend, or to sell his stock at a price which has been increased by the dividend declared; for it may not be assumed that he would at any time sell his stock without securing information of all things that would affect its value.

It has been the general rule that the persons who are stockholders of a corporation at the time a dividend is declared are entitled to share in the dividend, regardless of the time when they acquired their stock or when the dividends were earned, and although the dividends are payable at a future date. But careful examination discloses that this rule has not been applied in any case in which the record shows that the directors' resolution in its terms declared that the dividend should be made to stockholders of record on a future

day. We find no authority which pretends to limit the power of the board of directors to fix the day when a part of the assets of the corporation shall be separated and vested in its stockholders as individuals. Certainly no such restriction has been suggested in the decisions of this court which have been cited. In *Beers* v. *Bridgeport Spring Co.*, 42 Conn. 17, the dividends were declared to and placed *pro rata* to the credit of the stockholders then on its books. In *Cogswell* v. *Second National Bank*, 78 Conn. 75, 60 Atl. 1059, the dividend was declared in favor of those who were then stockholders and vested in them as "the payees so named." It was held in *Wheeler* v. *Northwestern Sleigh Co.*, 39 Fed. Rep. 347, that the right to a dividend becomes fixed and absolute by the declaration itself. If it makes no mention of the time when the division shall be made, it may be assumed, as it usually has been, that it is intended to make it on the instant; but no such assumption can prevail against a positive declaration that it shall take effect on a certain day. Since it is universally held that the mere declaration of a dividend creates debts against the corporation in favor of certain stockholders as individuals, it would be unreasonable to withhold from the board of directors the power to declare specifically when those debts shall begin to exist and who those creditors shall be. In the recent text-books we find the statement that by the terms of the resolution declaring a dividend, it may be vested in stockholders of record on a day later than the day when the resolution was passed. 6 Fletcher, Cyc. of the Law of Corporations (1919) 6149; 2 Cook on Corporations (7th Ed., 1913) 1574; 2 Clark & Marshall on Private Corporations (1903) 1610.

We are satisfied by principle and by authority, that the declaration of the dividends in question must be

interpreted and given the effect which the directors evidently intended it to have: that is, that the dividends declared on October 21st, 1919, belonged to the stockholders of record on December 26th, 1919. Since on that day the defendant appeared to be the holder of these shares on the stock book of the corporation, and it does not appear that notice of the transfer of ownership had been given to the corporation, it was warranted in paying the dividends to the defendant. But on that day the plaintiffs were in fact the owners of these shares, and their failure to have them transferred before the books of the corporation were closed was caused by the neglect of the defendant. The unrecorded transfer was good between the parties, and therefore the plaintiffs had the right to the dividends as against the defendant. 6 Fletcher, Cyc. of the Law of Corporations, 6342; 2 Cook on Corporations (7th Ed.) 1573; 14 Corpus Juris, 818.

It is reasonable to assume that when he sold these shares nearly two months after the resolution declaring a dividend had been passed, the defendant knew the terms of the declaration, and that $1,050 would be payable in a few days to the person who should appear of record on December 26th, 1919, to be the owner of these shares. But for his neglect, the plaintiffs would have appeared in that position on that day, and the corporation would have paid to them the subsequent dividends which the defendant took. He had made no stipulation or contract to reserve these dividends to himself. The plaintiffs, according to the custom of corporations in declaring dividends and the usage of dealers in stocks and bonds, were justified in believing that these dividends would belong to them, and therefore in paying a correspondingly increased price for the stock. Apparently, if the defendant be permitted to retain the dividends, he will make a two-fold profit

on the transaction at the cost of the plaintiffs. Certainly, the defendant has taken and is keeping dividends which belong to the plaintiffs. "The doctrine that one who holds money which he ought in equity and good conscience to pay over to another is subject to a legal duty to make such payment," is firmly established. *Fairfield* v. *Southport National Bank*, 80 Conn. 92, 102, 67 Atl. 471. It is familiar law that in such a case, an action for money had and received will lie. *Post* v. *Clark*, 35 Conn. 339. The remedy, reinforced by a remedy in equity under our present practice, may be sought in one complaint. *Thresher* v. *Stonington Savings Bank*, 68 Conn. 201, 204, 36 Atl. 38.

In the view we have taken of the plaintiffs' title to these shares of stock, no merit can be discovered in the third reason of demurrer. The allegations of the complaint are sufficient to show that the legal title to the stock was vested in the plaintiffs on December 26th, 1919.

The Court of Common Pleas is advised to overrule the demurrer to the complaint.

In this opinion the other judges concurred.