[Civ. No. 1031. Fourth Appellate District.—July 18, 1933.]

J. H. SMITH, Appellant, v. J. L. TAECKER et al., Respondents.

Griffin & Boone and Edward T. Taylor for Appellant.

J. L. Taecker and Mary E. Taecker, *in pro. per.,* for Respondents.

TURRENTINE, J., *pro tem.*—On October 23, 1930, while defendants were owners of stock therein, the Caterpillar Tractor Company, a California corporation, through its board of directors, lawfully passed the following resolution:

"Be it resolved that this company declare a dividend of seventy-five cents per share, and an extra dividend of twenty-five cents per share on its outstanding capital stock, payable on or before the 29th day of November, 1930, to stockholders of record on the 15th day of November, 1930, at the close of business on said day." On November 12, 1930, defendants sold and delivered to plaintiff 600 shares of stock of the corporation. Plaintiff remained the owner of the stock until after November 29, 1930; the transfer was not made on the books of the corporation until November 26, 1930. The corporation, pursuant to its resolution, paid the dividends to defendants on November 25, 1930, in the sum of $600. At the time of the sale of the stock nothing was provided by the parties either reserving or transferring the dividends especially as distinguished from the transfer of the stock. At the time the resolution was passed there were surplus earnings on hand sufficient to pay the dividends in question. Thereafter, plaintiff demanded of defendants payment to him of the $600 received by them as dividends pursuant to the resolution and upon a refusal to make the payment, plaintiff brought this action against the defendants to recover the $600 paid to them, alleging the facts as herein set out. The answer admits the allegations of the complaint. Plaintiff made a motion for judgment on the pleadings and the parties submitted said case on the complaint and answer. Thereupon judgment was entered for defendants, from which judgment plaintiff appeals.

■ Upon the declaration of a dividend by the board of directors of a corporation, the share of each stockholder vests in him as an individual (*Cogswell* v. *Second National Bank*, 78 Conn. 75, 81 [60 Atl. 1059]; *Jerome* v. *Cogswell*, 204 U. S. 1 [27 Sup. Ct. 241, 51 L. Ed. 343]). It makes no difference when the assets were accumulated (14 Cor. Jur. 818). It is universally held that the mere declaration of a dividend creates debts against the corporation in favor of the stockholders as individuals. ■ Where the resolution declares a dividend as payable on a future date, title to said dividend vests in the stockholder on the date fixed in the resolution. By the terms of a resolution so declaring, a dividend may be vested in the stockholders of record on a date later than on the date the resolution was passed. (*Richter* v. *Light*, 97 Conn. 364 [116 Atl. 600]; 6 Fletcher's

Cyclopedia of Law on Private Corporations, 6149; *Ford* v. *Ford Mfg. Co.*, 222 Ill. App. 76; *Buchanan* v. *National Savings & Trust Co.*, 23 Fed. (2d) 994 [57 App. D. C. 386]; *Nutter* v. *Andrews*, 246 Mass. 224 [142 N. E. 67].) ■

We are satisfied by principle and by authority that the declaration of the dividends in question must be interpreted and given the effect which the directors evidently intended it should have, that is, that the dividends declared on October 23, 1930, belonged to the stockholders on the twenty-ninth day of November, 1930, unless sooner paid to the stockholder, in which event it vested on the date payment was made. On November 25th the dividend was paid to defendants when plaintiff was, in fact, the owner of these shares. The unrecorded transfer was good between the parties and, therefore, the plaintiff had the right to the dividends as against the defendants (6 Fletcher's Cyclopedia of Law on Private Corporations, 6342; 14 Cor. Jur. 818; *Ashton* v. *Zeila Min. Co.*, 134 Cal. 408 [66 Pac. 494]; *Cates* v. *Consolidated Realty Co.*, 25 Cal. App. 531 [144 Pac. 301]). On the facts of the case and the law, as we have herein announced it, plaintiff is entitled to judgment against defendants for the amount of dividends received by defendants which, in fact, belonged to the plaintiff.

It is therefore ordered that the judgment be reversed and the trial court is directed to enter judgment for the plaintiff on the pleadings as prayed for in his complaint.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 14, 1933, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 15, 1933. ■