Williams, J.
 

 The question is: Is the executor of Flora K. Wuichet, deceased (who died seized as beneficiary of a life interest in stock of the Little Miami Railroad Company), entitled to dividends declared before her death but payable to stockholders who were of record on a date subsequent to her death?
 

 The contest is between the executor of the deceased owner of the life interest and the trustee of Mary W. Blum, who is referred to in the agreed statement of facts as the remainderman, although the original application for order of distribution sets out that Mary W. Blum has a successive life interest in the stock. Since the contest is over “usual” dividends (that is, ordinary as distinguished from extraordinary dividends), it is not a matter of consequence whether Mary W. Blum claims as successive life tenant or as remainderman. As to ordinary dividends payable out of net current earnings the rule would be the same in either event. The decedent will therefore be referred to as the life tenant and Mary W. Blum as the remainderman.
 

 The general rule is that ordinary dividends declared without proviso during the lifetime of the owner of a life interest in the stock belong to him, regardless of the time they are made payable, and if he dies before
 
 *101
 
 payment, the right to them passes to his personal representative.
 

 Here, however, the dividends in question, although declared prior to the death of the life tenant, were payable to stockholders who were of record on days-subsequent to the day on which she died, with the proviso that the transfer books of the corporation should be closed on the record date, that is, the day fixed for determining the stockholders of record to whom the dividends were payable.
 

 There is a dearth of authority on the precise point presented. The rule sustained in our judgment by the better reasoning supports the view that where a life tenant dies between the declaration of the dividend and the record date the dividend passes to the successive life tenant or to the remainderman as the case may be.
 
 Nutter, Trustee,
 
 v.
 
 Andrews, Admx.,
 
 246 Mass., 224, 142 N. E., 67;
 
 Opperman’s Estate,
 
 319 Pa., 455, 464, 179 A., 729, 734. Contra,
 
 Beattie, Trustee,
 
 v.
 
 Gedney,
 
 99 N. J. Eq., 207, 132 A., 652. Counsel for the executor also rely on the following cases:
 
 Ford
 
 v.
 
 Snook,
 
 199 N. Y. Supp., 630, affirmed in 240 N. Y., 624, 148 N. E., 732 (the action was brought by a broker against a vendor of stock and the affirmance was by a divided court);
 
 Union & New Haven Trust Co., Trustee,
 
 v.
 
 Watrous, Admr.,
 
 109 Conn., 268, 146 A., 727 (the decision was based on the law of New York). See further 18 Corpus Juris Secundum, 1137, Section 471(e).
 

 It should be observed in this connection that there is a close analogy between the situation here and that arising when a stockholder sells his stock, without reservation, between the declaration of the dividend and the record date. In the absence of a specific agreement with reference to the dividend the rule is that on such a sale the dividend passes to the vendee.
 
 Richter & Co.
 
 v.
 
 Light, Trustee,
 
 97 Conn., 364, 116 A., 600;
 
 Buchanan
 
 v.
 
 National Savings & Trust Co.,
 
 23 F. (2d),
 
 *102
 
 944;
 
 Smith
 
 v.
 
 Taecker,
 
 133 Cal. App., 351, 24 P. (2d), 182;
 
 Burroughs & Springs
 
 v.
 
 North Carolina Rd. Co.,
 
 67 N. C., 376, 12 Am. Rep., 611; 60 A. L. R., 707, annotation 3; 13 American Jurisprudence, 669, Section 673.
 

 That analogy is recognized in the leading case of
 
 Nutter, Trustee,
 
 v.
 
 Andrews, Admx., supra,
 
 in which, as indicated, was involved the precise question presented in the instant case. In the opinion therein the court says at page 228: “It is common knowledge that frequently in the resolution declaring a dividend is also a clause to the effect that the dividend shall be payable to those who are stockholders of record on a specified date. * * * This form of vote in declaring dividends doubtless has been adopted because of its convenience and because it avoids confusion and misunderstandings. Such vote relates to a detail touching the internal management of the corporation. It belongs to a class of affairs which the corporation has a right ordinarily to settle and thereby bind its stockholders so long as the action taken is in good faith and without fraud or collusion. It is in substance a declaration that the vote for the payment of the dividend shall be operative and take effect as to stockholders on that date and not earlier. There is no inflexible rule of law which prevents such vote of those responsible for the management of the corporation from having its natural effect. Persons by becoming stockholders in a corporation impliedly agree to be bound by the reasonable rules and practices adopted for the management of corporate affairs. Business policies adopted by business men for the management of business transactions ought not to be frustrated unless contrary either to some rule of law or to fundamental ethical rules of right and wrong. Votes as to the time and method for ascertainment of the stockholders entitled to dividends, such as here are in question, do not offend against either of these tests. It is but the logical result of general
 
 *103
 
 principles of corporation law to hold that a vote of that nature passed in good faith and reasonable in its operation is binding upon the stockholders. It was so held in a well-reasoned judgment in
 
 Richter [& Co.]
 
 v.
 
 Light [Trustee],
 
 97 Conn., 364.”
 

 It will be noted that the learned jurist made no distinction between stock owned by a life tenant who dies between the declaration of a dividend and the record date, and stock sold by its owner and holder during that period. That the court regarded the rule as applicable to both situations is emphasized by' the citation of
 
 Richter & Co.
 
 v.
 
 Light, Trustee, supra,
 
 which involved stock sold in the interim between the declaration and the record date.
 

 The principles, which determine the rights of a life tenant in corporate stock, and to dividends arising therefrom, are well established and fundamental. Accumulated earnings belong primarily to the corporation and prior to the declaration of a dividend therefrom the stockholder has no right to participate in the accumulation as such; but by the declaration the right to the dividend becomes fixed forthwith in the then stockholders regardless of the mere specification of a future date for payment, unless the resolution, in which the declaration is incorporated, provides in effect for a later time of vesting. Accordingly it is necessary to ascertain from the declaratory resolution when and in whom the right vests. If the time of vesting occurs after the death of a person who is owner of a life interest in stock, it is self-evident that he would not be seized of the right at any time. If, on the other hand, the right to a declared and unpaid dividend becomes his during life, and he dies seized thereof, the right survives his death and passes to his personal representative. Upon the vesting of the dividend in the life tenant, he becomes a creditor of the corporation. Until then, of course, no indebtedness is created. When, however, the life tenant dies between the decía
 
 *104
 
 ration and the record date, no debtor-creditor relationship arises between him and the corporation. The reason is that there is no definitely ascertainable creditor until the record date arrives and without an ascertained or ascertainable creditor an indebtedness can not subsist. In the last analysis the passage of a resolution declaring a dividend and making it payable to stockholders of record of a named date amounts to a determination that the right-to the dividend shall vest on that date.
 

 In the instant case the stock was held by the trustee for the use of Flora K. Wuichet, during her life. On the latter’s death, the dividends had previously been declared but had not vested in her trustee for her use. They would therefore pass to the remainderman. In other words the same rule would apply as if the trusteeship had not existed.
 

 In the case of
 
 Nutter, Trustee,
 
 v.
 
 Andrews, Admx.,
 
 quoted from
 
 supra,
 
 the testator bequeathed the shares of stock with other property to a trustee and made the income payable to the life tenant and thereafter to the residuary legatee. In the opinion with respect thereto the court says at page 228: “All the dividends of this class had been voted -during the life of the beneficiary for life but payable to stockholders of record as of a date after her death and payable at a still later date. We think that the rights of her estate should be determined by the effect of the vote to the same extent as if she had been herself a stockholder of record, and that the dividends should be paid to the residuary legatee and not to the estate of the life tenant.” Clearly the pronouncements we are making herein apply to a trustee who holds the stock for the life tenant as beneficiary. Restatement of the Law of Trusts, 701, Section 236(a).
 

 The cases of
 
 Wilberding, Admr.,
 
 v.
 
 Miller,
 
 90 Ohio St., 28, 106 N. E., 665, and
 
 Lamb
 
 v.
 
 Lehmann, Trustee,
 
 110 Ohio St., 59, 143 N. E., 276, 42 A. L. R., 437, which
 
 *105
 
 have been cited to us, are instructive but inapposite on the precise point presented. The annotation in 101 A. L. R., 1379 (also cited), and prior annotations referred to therein, deal in large part with the distinction between ordinary and extraordinary dividends in determining whether they are allocable to the corpus of a trust estate as against a life beneficiary. Many of the cases commented on treat of extraordinary dividends or of dividends paid out of “capital-created surplus.” In the case at bar there is no question of apportionment between life tenant and remainderman such as might arise in the case of a stock dividend capitalized out of earned surplus or in case of cash dividends paid out of funds earned prior to the existence of the life tenancy. See 18 Corpus Juris Secundum, 1122
 
 et seq.,
 
 Section 471
 
 et seq.
 
 As previously indicated we are concerned here with what have been called by some authorities “regular, normal dividends” and with nothing more.
 

 For the reasons given the disputed dividends belong to Mary W. Blum, the remainderman, and not to the executor of the estate of Flora K. Wuichet, deceased life tenant.
 

 The judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Bettman, JJ., concur.