*519 OPINION.
Kern:
The question which this proceeding poses is whether dividends declared prior to the death of decedent but which, by the terms of the declaration, are payable only to stockholders of record as of a date subsequent to decedent’s death are accruable to decedent and taxable as his income, or are taxable as the income of his estate.
Upon this question the law of the domicile of the corporation declaring the dividend is controlling and it is to such law that we must look in determining whether and at what time a corporate debt arises pursuant to such declaration. Helvering v. McGlue, 119 Fed. (2d) 167; Estate of Lewis Cass Ledyard, Jr., 44 B. T. A. 1056.
In those cases it was held that under the laws of New York and New Jersey, in which states the corporations involved were domiciled, a corporate debt arises upon the declaration of a dividend even though the dividend is payable to stockholders of record on some future date.
That rule, however, in effect in New York and New Jersey, does not represent the weight of authority. The rule in Connecticut and Massachusetts is to the effect that where dividends declared are, by *520 the terms of the declaration, payable to stockholders of record at some future date, the corporate debt on account of such dividend does not arise until the future record date. Union & New Haven Trust Co. v. Watrous, 109 Conn. 268; 146 Atl. 727; Richter & Co. v. Light, 97 Conn. 364; 116 Atl. 600; Nutter v. Andrews, 246 Mass. 224; 142 N. E. 67. Dicta in decisions in other states are in accord. See Ford v. Ford Manufacturing Co., 222 Ill. App. 76; In re Opperman's Estate, 319 Pa. 455; 179 Atl. 729. This latter rule seems to be that recognized by the Federal courts. Sharp v. Commissioner, 91 Fed. (2d) 802; Buchanan v. National Savings & Trust Co., 23 Fed. (2d) 994. See Alexander & Alexander, Inc. v. United States, 22 Fed. Supp. 921, 923. However, compare Lamberth v. Commissioner, 120 Fed. (2d) 101, wherein the Circuit Court of Appeals for the Ninth Circuit erroneously and unnecessarily cites Helvering v. McGlue, supra, as authority for a general rule, whereas it is obvious that it merely stated the rule existing in New York. Compare also First National Bank & Trust Co. v. Glenn, 36 Fed. Supp. 552, wherein a contrary rule is stated on the .sole authority of New York decisions. This latter rule of substantive corporation law was recognized by us as the general rule to be applied in Estate of G. Percy McGlue, 41 B. T. A. 1186. This case was reversed, but on the ground that the law of New York, the state in which the corporation was domiciled, was not in accord with the rule which we there took and which we now, after careful consideration, continue to take as representing the weight of authority.
In the absence of a convincing showing that the law of the corporation’s domicile is to the contrary, we shall continue to apply the rule which we consider to represent the weight of authority, viz., that, where a corporation declares a dividend payable hr the future to stockholders of record on some future date, a corporate debt on account of such dividend does not arise until such future date and, in the event a stockholder dies before such future record date, the dividend is not accruable to him and is not taxable as his income.
In the instant proceeding the corporations declaring the dividends involved were domiciled in New Jersey, Delaware, Pennsylvania, and Maine. As to the dividends declared by the New jersey corporations, we hold, pursuant to Estate of Lewis Cass Ledyard, Jr., supra, that they were taxable as income of decedent. As to the dividends declared by the Delaware, Pennsylvania, and Maine corporations, we hold that they were not accruable to decedent and taxable as his income, but were taxable as the income of his estate.
[Reviewed by the Board.

Decision will be entered wnder Rule SO.

AhuNdell, Smith, TuRNEr, Mellott, and Offer dissent.