

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 23, 1970

Hon. Jesse James
State Treasurer
Treasury Department
Austin, Texas   78711

Opinion No. M-563

Re: Application of Articles 3272a
and 3272b, Vernon's Civil
Statutes, to escheat status
of dividends received by bank
trust department when owner-
ship of such dividends cannot
be determined.

Dear Mr. James:

Your recent letter requesting the opinion of this
office concerning the referenced matter states, in part, as
follows:

"We ask that you advise this office by
official opinion on the questions and circum-
stances related herein.

"The trust department of a bank chartered
under the laws of the State of Texas buys and
sells securities on behalf of its trust accounts.
These securities are usually registered in the
name of a nominee who holds them for the trust
department of the bank.  Due to the lapse of time
necessary for corporate stock transfer agents to
effectuate the transfer of record ownership of
securities that have been sold, on occasion the
nominee receives dividend checks for dividends
payable upon securities which have already been
sold by the nominee on behalf of the trust depart-
ment.  The bank trust department is unable to al-
locate such dividends to any particular trust
account or to trace the ownership of the securities
upon which the dividends were paid.

"Under these circumstances, your opinion is
requested upon the following questions:

"1.  Are the dividends held by the trust
department of the bank subject to being reported

-2688-

as a dormant deposit or inactive account
under the provisions of Article 3272b, Ver-
non's Civil Statutes?

"2. Are the dividends held by the trust
department of the bank subject to being reported
as abandoned personal property under the provisions
of Article 3272a, Vernon's Civil Statutes?

"3. In the event question 1 or 2 is an-
swered in the affirmative, then would escheat
of such dividends be defeated by the defense
of limitations under the holding of Southern
Pacific Transport Co. v. State, 380 S.W.2d
123 (Tex.Civ.App. 1964, error ref.) and Cen-
tral Power & Light Co. v. State, 410 S.W.2d
18 (Tex.Civ.App. 1966, error ref. n.r.e.)."

We are authorized to assume that the bare legal title
to the dividends when received was in the bank, with the equitable
and beneficial ownership thereto being unknown.

Section 1 of Article 3272a, Vernon's Civil Statutes, pro-
ides, in part, as follows:

"Every person holding personal property sub-
ject to escheat . . . at the time of the effective
date of this Act, shall, within sixty (60) days
thereafter, file a report thereof with the State
Treasurer . . .

"(a) The term 'person' as used in this
Article means any individual, corporation, business
association, partnership, governmental or political
subdivision or officer, public authority, estate,
trust, trustee, officer of a court, liquidator,
two (2) or more persons having a joint or common
interest, or any other legal, commercial, govern-
mental or political entity, except banks, savings
and loan associations, banking organizations or
institutions.

"(b) The term 'personal property' includes,
but is not limited to, money, stocks, bonds and
other securities, bills of exchange, claims for
money or indebtedness and other written evidences
of indebtedness, dividends, deposits, accrued

interest, purchase payments, sums payable on certified, certificates of membership in a corporation or association, amounts due and payable under the terms of any insurance policy, security deposits, unclaimed refunds and deposits for utility or other services, funds to redeem stocks and bonds, undistributed profits, dividends, or other interests, production and proceeds from oil, gas and other mineral estates, and all other personal property and increments thereto, whether tangible or intangible, and whether held within this State, or without the State for a person or beneficiary whose last known residence was in this State." (Emphasis added.)

Section 1 of Article 3272b, Vernon's Civil Statutes, provides as follows:

"Every depository holding dormant deposits or inactive accounts of depositors or owners whose existence and whereabouts are unknown to the depository, shall preserve intact the deposits and accounts so long as they remain in a dormant or inactive status.

"The term 'depository' as used in this Article means any bank, savings and loan association, banking institution or organization which receives and holds for others deposits of money or its equivalent in banking practice or other personal property in this State, or in other States for residents last known to have resided in this State.

"b. The terms 'dormant deposits' and 'inactive accounts' mean those demand, savings, or other deposits of money or its equivalent in banking practice, including but not limited to sums due on certified checks, dividends, notes, accrued interest, or other evidences of indebtedness, held by a depository for repayment to the depositor or creditor, or his order . . . 'Dormant deposits' and 'inactive accounts' lose their status as such when a deposit is made by the depositor, or a check is drawn or withdrawal is made therefrom by such depositor, either in person or through an authorized agent other than the depository itself." (Emphasis added.)

In view of the fact that banks are specifically excepted from the provisions of Article 3272a, and because dividends held by a bank's trust department can reasonably be construed to be the equivalent of an "inactive account" in banking practice, we are of the opinion that dividends of the type described are subject to being reported under the provisions of Article 3272b, supra. See also Attorney General's Opinion No. WW-1303 (1962), which holds that investment monies received by a building and loan association representing payments made upon shares of stock or share accounts are the functional equivalent of "deposits" and fall within the provisions of Article 3272b, supra.

Accordingly, your first question is answered in the affirmative, and your second question is answered in the negative.

Your third question relates to the effect of the statutes of limitations (Articles 5526 and 5527, Vernon's Civil Statutes) on the escheat of such dividends.

An action by the rightful owner against the bank trust department to recover the dividends in the instant situation would be an action for money had and received, sounding in assumpsit. Richter & Co. v. Light, 116 Atl. 600, 603 (Conn. Sup. 1922). In most cases, the statute of limitations governing an assumpsit situation is Article 5526, Vernon's Civil Statutes, which provides for a two-year limitation on debts not evidenced by a written contract. 6 Tex.Jur.2d 556-57, Assumpsit, Sec. 10.

Notwithstanding the foregoing, we are of the opinion that the instant situation is governed by the Banking Code of 1943, in particular Article 342-707, Vernon's Civil Statutes, which, in part, provides that:

> "The contract of deposit between a bank and a depositor, whether evidenced by deposit tickets or otherwise shall be deemed a contract in writing within the purview of Article 5527 of the Revised Civil Statutes of Texas. The cause of action on any such depository contract, other than a time deposit, shall not accrue until the bank has denied liability and given the depositor notice thereof. . . ." (Emphasis added.)

Thus, the four-year statute of limitations commences to run after the bank has (a) denied its liability to pay the dividends to the rightful owner and (b) given notice of same to the rightful owner of the dividends.

Texas courts have held that a plea by the holder of property subject to escheat that limitations has barred the claim of the person for whom the property is held is a valid defense to an escheat action by the State. Southern Pacific Transport Co. v. State, 380 S.W.2d 123 (Tex.Civ.App. 1964, error ref.); State v. Williamson-Dickie Mfg. Co., 399 S.W.2d 568 (Tex.Civ.App. 1966, error ref. n.r.e.); State v. El Paso Electric Co., 402 S.W.2d 807 (Tex.Civ.App. 1966, error ref. n.r.e.); Central Power & Light Co. v. State, 410 S.W.2d 18 (Tex.Civ.App. 1966, error ref. n.r.e.); Shell Oil Co. v. State, 442 S.W.2d 457 (Tex.Civ.App. 1969, error ref. n.r.e.). See also Attorney General's Opinion No. M-476 (1969).

Consequently, in answer to your third question, it is our opinion that the bank may validly assert the bar of limitations in an escheat action, provided the running of the bar of limitations asserted has commenced pursuant to the provisions of Article 342-707, supra.

## S U M M A R Y

(1) Under the facts presented, dividends held by a bank trust department are subject to being reported as an "inactive account" pursuant to the provisions of Article 3272b, Vernon's Civil Statutes.

(2) A plea of the statute of limitations (Article 5526, Vernon's Civil Statutes) by the holder of such dividends would be a valid defense to an escheat action by the State, provided the running of the bar of limitations asserted has commenced pursuant to the provisions of Article 342-707, supra.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Ralph Rash
John Reeves
Jack Goodman
Dyer Moore, Jr.

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant