MARIA L. NUTTER, trustee, *vs.* MARY J. ANDREWS, administratrix, & another.

Plymouth. May 27, 1923. — September 13, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Corporation,* Dividend. *Trust,* Beneficiary for life and beneficiary in remainder. *Executor and Administrator.*

In this suit, *it was conceded* by all parties that dividends declared by a corporation upon stock held by a trustee before the death of a beneficiary for life under the trust, payable after such death to stockholders of record on dates previous to the death, should be paid by the trustee to the administrator of the deceased beneficiary for life.

Dividends which had been declared upon stock held by the trustee after the death of the beneficiary for life to stockholders of record after such death and payable on a still later date, where there is nothing to indicate that they were payable solely out of earnings made previous to the death, should be paid by the trustee to the beneficiary in remainder under the trust.

The trustee under the trust above described held stock in a corporation which had let its plant to another corporation at a rental equal to a certain percentage of the capital stock of the lessor. The lessee paid rent quarterly by checks in proportionate amounts directly to the stockholders of the lessor of record at the close of business on the previous day without a particular vote of declaration by either corporation. The beneficiary for life died eleven days before the end of a quarterly period. *Held,* that

(1) The general custom as to payment of rent took the place of a vote declaring a dividend;

(2) The payment properly considered was of a dividend on stock of the lessor corporation;

(3) The beneficiary in remainder was entitled to the income represented by the payment at the end of the quarterly period during which the life beneficiary died.

A vote of the directors of a corporation declaring a dividend, which specifies that the dividend shall be payable only to stockholders of record on a specified date after the vote and shall be payable at a still later date, if adopted in good faith and without collusion, is valid and binding upon the stockholders.

Dividends upon corporate stock held by the trustee, declared before the death of the beneficiary for life and by the express terms of the declaratory vote payable on a day after such death to stockholders of record at a date after the death, where there is no specification that the dividend wholly was earned in, and was declared to be for a period before the death, should be treated by the trustee as income due to the beneficiary in remainder.

BILL IN EQUITY, filed in the Probate Court for the County of Plymouth on May 1, 1922, by the trustee under the will of Rowena W. Hobart, late of East Bridgewater, against the administratrix of the estate of Mary Elizabeth Lyden, beneficiary for life under the trust, and First Parish in East Bridgewater, beneficiary in remainder, for instructions as to which defendant should receive the dividends described in the opinion.

There was an agreed statement of facts. Material facts are described in the opinion. The bill was reported by *Hitch*, J., to this court for determination upon the pleadings and the agreed statement of facts.

The case was submitted on briefs.

*J. J. O'Reilly*, for the administratrix.

*E. A. MacMaster*, for First Parish in East Bridgewater.

RUGG, C.J. A testator gave shares of stock in sundry corporations to his trustee upon divers trusts, one of which was to pay to his daughter after reaching the age of twenty-one years and during the period here in question " the net income " of the trust estate. The daughter reached the age of twenty-one years on September 17, 1918, and died on February 17, 1922, without leaving issue. A question arises between the administratrix of the estate of the deceased daughter and the residuary legatee of the testator as to the right disposition to be made of dividends on stock in the corporations which have been received by the trustee. The dividends fall into three classes for the purposes of this decision.

1. Dividends declared before the death of the beneficiary for life, payable to stockholders of record on dates prior to her death but payable on dates after her death. It is conceded by all parties that these dividends ought to be paid to the administratrix of the deceased daughter.

2. Dividends declared after the death of the daughter to stockholders of record on dates after her death and payable on still later dates. It presumably does not appear when these dividends were actually earned. There is nothing to indicate that they were payable solely out of earnings made prior to the death of the beneficiary for life. No right became vested as a property right distinct from the general assets of the corporation during the life of the beneficiary for life, and therefore nothing is payable to her estate.

In this class fall payments to stockholders of the American Telegraph and Cable Company leased for fifty years to the Western Union Telegraph Company at a rental equal to five per cent on the capital stock of the lessor company. These payments are made directly by the lessee company on the first days of March, June, September and December to stockholders of the lessor company of record at the close of business on the preceding day. The dividends are paid under the terms of a long term lease directly to the stockholders of the lessor company by the lessee company without particular vote of declaration by either company. The general custom as to payment took the place of a vote of declaration of dividend. The test here is whether one is a stockholder when according to the established custom the stockholders entitled to payment were to be ascertained. The rights of the beneficiary in this particular are to be determined on the same footing as if she were a direct stockholder.

This payment is properly a dividend. The stockholders did not lease their shares. The company in which they were stockholders leased its property. The lessee company pays its rental by making payments immediately to the stockholders of the lessor company of dividends on their stock. That appears to be merely matter of convenience. It does not affect the substantial fact that the transaction constitutes payment of rent by the lessee corporation and receipt of dividends by stockholders of the lessor corporation. Such dividends are not apportionable under G. L. c. 197, § 27. *Granger* v. *Bassett*, 98 Mass. 462, 469.

3. Dividends declared by vote of directors before the death of the beneficiary for life, payable by the terms of such vote

to stockholders of record on dates after her death and coming due and payable on still later dates.

The general statement of the rule for determining the person to whom a dividend on shares of corporate stock is payable is that it belongs to the owner of the shares at the time the dividend is declared and not to the owner at the time of its payment. The reason is that when the dividend is declared its amount then is separated from the general assets of the corporation for distribution among the stockholders and becomes their individual property. The right to payment of the proportional part of the dividend attributable to the shares of stock then owned attaches immediately. The right of the stockholder becomes fixed by the declaration. The debt then is established. The payment is postponed for the convenience of the corporation. The stockholder may sue for the amount due if not paid on demand after the time fixed for payment. *Ford* v. *Easthampton Rubber Thread Co.* 158 Mass. 84. *Matter of Kernochan,* 104 N. Y. 618. *Hill* v. *Newichawanick Co.* 8 Hun, 459, affirmed in 71 N. Y. 593. *Wheeler* v. *Northwestern Sleigh Co.* 39 Fed. Rep. 347. *Lock* v. *Venables,* 27 Beav. 598. *Lobaco Co.* v. *Chaffin,* 193 Ky. 225.

It has been held that dividends declared during the life of the owner or of the beneficiary for life but payable at a date falling after his death, without a vote making them payable to the stockholders as of any certain date, were payable to the estate of the owner or of the beneficiary for life. This is but an application of the general principle already stated. *De Gendre* v. *Kent,* L. R. 4 Eq. 283. *Wright* v. *Tuckett,* 1 J. & H. 266. These decisions to the effect that the date of passing the vote furnishes the test by which to determine the person entitled to the dividend have been made concerning cases where there has been no specification in the vote declaring the dividend as to the time and manner for determining the stockholders entitled to receive the dividend.

The power to declare dividends is vested in the corporation. It usually is exercised by the directors. The time when the vote declaring a dividend shall be adopted and the time when the dividend shall be payable within reasonable limits are wholly under the control of the corporation or its

authorized officers.   It is common knowledge that frequently in the resolution declaring a dividend is also a clause to the effect that the dividend shall be payable to those who are stockholders of record on a specified date.   Dividends often are declared by savings banks payable to the depositors of record on a fixed date.   This form of vote in declaring dividends doubtless has been adopted because of its convenience and because it avoids confusion and misunderstandings. Such vote relates to a detail touching the internal management of the corporation.   It belongs to a class of affairs which the corporation has a right ordinarily to settle and thereby bind its stockholders so long as the action taken is in good faith and without fraud or collusion.   It is in substance a declaration that the vote for the payment of the dividend shall be operative and take effect as to stockholders on that date and not earlier.   There is no inflexible rule of law which prevents such vote of those responsible for the management of the corporation from having its natural effect.   Persons by becoming stockholders in a corporation impliedly agree to be bound by the reasonable rules and practices adopted for the management of corporate affairs. Business policies adopted by business men for the management of business transactions ought not to be frustrated unless contrary either to some rule of law or to fundamental ethical rules of right and wrong.   Votes as to the time and method for ascertainment of the stockholders entitled to dividends, such as here are in question, do not offend against either of these tests.   It is but the logical result of general principles of corporation law to hold that a vote of that nature passed in good faith and reasonable in its operation is binding upon the stockholders.   It was so held in a well reasoned judgment in *Richter* v. *Light,* 97 Conn. 364.

All the dividends of this class had been voted during the life of the beneficiary for life but payable to stockholders of record as of a date after her death and payable at a still later date.   We think that the rights of her estate should be determined by the effect of the vote to the same extent as if she had been herself a stockholder of record, and that the dividends should be paid to the residuary legatee and not to the estate of the life tenant.

The case of *Johnson* v. *Bridgewater Iron Manuf. Co.* 14 Gray, 274, is not pertinent to the facts here disclosed. It there was held that a dividend declared and payable after the death of the beneficiary for life, but specified by vote of the directors to be for a period of time ending before her death, was payable to her estate. That case is not like any of the dividends described in the case at bar, because here there is no specification that any of the dividends wholly were earned during, or were declared to be for, that period.

Costs as between solicitor and client for the representatives of the life tenant and of the remainderman are to be taxed in the discretion of the Probate Court.

*Decree accordingly.*