ETHEL V. WARD, executrix, *vs.* HENRY N. BLAKE, trustee, & another.

Middlesex.    November 12, 1923. — January 8, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust*, Apportionment of income on death of beneficiary for life.  *Corporation*, Dividend.

A trustee under a will held as property subject to the trust a note secured by a mortgage on real estate in this Commonwealth and shares of stock of two foreign corporations.   A beneficiary of the trust, who was entitled to the income thereof during her life, died.   *Held*, that

  (1) Under G. L. c. 197, § 27, the trustee should pay to the personal representative of the beneficiary a proportionate share of the interest on the mortgage note which had accrued from the last interest date to the date of the beneficiary's death;

  (2) A dividend on stock in one of the corporations, which had been declared on a date previous to the beneficiary's death, payable on a date after her death to stockholders who were of record on a date preceding the death, should be paid to her personal representative;

  (3) A dividend on stock of the other corporation, which had been declared on a date previous to the death of the beneficiary and was payable

on a date following her death without any vote making it payable to stockholders as of any certain date, should be paid to her personal representative.

After the entry of a decree confirming an agreement made for the compromise of a controversy concerning a will and appointing a trustee, the trustee is bound to administer his trust in accordance with such decree.

Where, on a petition filed in the Probate Court by a special administrator of an estate for a determination as to the apportionment and payment of income to the plaintiff by a trustee under a will of another decedent, under which the plaintiff's decedent was entitled to income during her life, no question of compensation for the trustee is raised on the pleadings, it is not necessary that that question be determined by the final decree.

PETITION, filed in the Probate Court for the county of Middlesex on December 15, 1922, by George B. Hayward, special administrator of the estate of Jennie L. Nichols, against the trustee under the will of Charles E. Clark and a residuary beneficiary under that trust, for a determination of the interest of the petitioner in certain mortgage interest and dividends on corporate stock, described in the opinion, for a reopening of the accounts of the respondent trustee, and for payments to the petitioner in accordance with the determination of his rights as to the mortgage interest and dividends.

The petition was heard in the Probate Court by *L. E. Chamberlain,* J., by whose order a decree was entered which is described in the opinion. The respondents appealed.

After the appeal, the will of Jennie L. Nichols was allowed and Ethel V. Ward was appointed executrix thereof, and it was agreed by the parties that she should intervene as petitioner in substitution for the special administrator.

The case was submitted on briefs.

*G. B. Hayward,* for the petitioner.

*H. N. Blake,* for the respondents.

CARROLL, J. This is a petition in equity by the special administrator of the estate of Jennie L. Nichols, the executrix of her will subsequently being substituted as plaintiff, against Henry N. Blake, trustee for Jennie L. Nichols under the will of Charles E. Clark, and against other respondents, praying for a determination of the interest of the petitioner in certain mortgage interest and stock dividends, received by Blake as trustee.

Blake held as trustee a note, secured by mortgage on real estate in Massachusetts, and shares of stock of the American Telephone and Telegraph Company and " Western Union Tel. & Tel. Co." Jennie L. Nichols died July 6, 1922. In the Probate Court it was decreed that the trustee pay to the petitioner the sum of $26.13, that being the proportionate share of the interest on the mortgage note from January 15, 1922, to July 6, 1922; a dividend of $245 declared June 13, 1922, and payable July 15, 1922, on the shares of stock of the " Western Union Tel. & Tel. Co.; " and a dividend of $119.25 of the American Telephone and Telegraph Company declared May 16, 1922, payable July 15, 1922, to stockholders of record June 20, 1922. From this decree the respondents appealed.

A trustee was originally appointed under an agreement of compromise, approved by the Probate Court, by which the trustee was to pay to Mrs. Nichols " the net income thereof," of the trust fund in question. The predecessor of Blake as trustee was appointed under a decree providing that during her life he was to " hold all personal property to the income of which said Jennie L. Nichols may be entitled." Blake, on the resignation of his predecessor, petitioned to be appointed trustee, alleging that the beneficiary was entitled during her lifetime to a certain portion of the estate, and that the decree appointing him, after referring to the circumstance that she was entitled to the income during her life, directed " that said petitioner be appointed trustee as aforesaid."

The duty of the trustee was to pay to Jennie L. Nichols during her life the income of the trust fund. The interest on the mortgage note was apportioned properly from the date of the last payment of interest to the date of her death. " A person entitled to . . . interest or income, or his representative, shall have the same apportioned if his right or estate therein terminates between the days upon which it is payable, unless otherwise provided in the will or instrument by which it was created." G. L. c. 197, § 27. The beneficiary's life estate terminated between the days upon which the interest was payable, and her executrix was entitled to

receive the interest from January 15, 1922, to July 6, the date of her death. *Old Colony Trust Co.* v. *Sargent,* 235 Mass. 298. See *Dexter* v. *Phillips,* 121 Mass. 178, 188, 189; *Adams* v. *Adams,* 139 Mass. 449; *Stone* v. *Bradlee,* 183 Mass. 165, 172.

The dividend on the shares of the American Telephone and Telegraph Company was declared on May 16, 1922, payable (after the death of Mrs. Nichols) on July 15, 1922, to all stockholders of record June 20, 1922; this dividend was payable to her executor; it was declared before her death and was payable to stockholders of record on a date prior to her death. *Nutter* v. *Andrews,* 246 Mass. 224.

The dividend on the "Western Union Tel. & Tel. Co." was declared on June 13, 1922, and was payable July 15, without a vote making it payable to stockholders of any certain date. This dividend was payable to the beneficiary for life. Dividends declared during the life of a beneficiary for life and payable after his death, there being no vote that they are payable to stockholders as of any certain date, are payable to the beneficiary for life. *Nutter* v. *Andrews, supra.*

The respondent trustee was bound to administer the trust in accordance with the decree of the Probate Court affirming the compromise agreement and appointing him to the office of trustee, and we find nothing in the agreement of compromise contrary to the decrees based thereon.

The original decree directed that the fund was to be held during Mrs. Nichols's life and that the net income thereof was to be paid to her. The subsequent decrees are to the same effect: that she was to have the entire income during her life. The interest was properly apportioned and the dividends declared during her life belonged to her estate. *Keating* v. *Smith,* 5 Cush. 232, *Loomis* v. *Gorham,* 186 Mass. 444, *Stearns* v. *Stearns,* 192 Mass. 144, relied on by the respondents, are not in conflict with what is here decided.

The respondents also contend that the decree of the Probate Court should be reversed, because the compensation of the trustee was not settled. In this petition no question of the trustee's compensation arose; and it was not raised by the petition or the pleadings.

The executrix of the will of Mrs. Nichols having intervened as plaintiff since the date of the appeal, the decree is to be modified by striking out so much of the decree as relates to the payment of interest and dividends to her special administrator, the interest and dividends being payable to the executrix; as so modified it is affirmed.

*Ordered accordingly.*