## WUICHET, TRUSTEESHIP OF, In re

Probate Court, Montgomery Co.

No. 67113. Decided Nov. 27, 1939

P. J. Sheridan, of Dayton, for the administrator of the Estate of Flora K. Wuichet, first life tenant.

Paul H. Blum, Dayton, for Mary W. Blum, second life tenant.

Viola M. Allen, Dayton, for the trustee under the will of Charles Wuichet, deceased.

## OPINION

By WISEMAN, J.

This matter comes on to be heard on an application for an order of distribution. The question for the court to determine is whether the estate of the first life tenant, or whether the second life tenant, Mary Wuichet Blum, formerly Mary D. Wuichet, is entitled to certain dividends on stock held by the trustee. This matter was submitted to the court on an agreed statement of facts.

The testator, Charles Wuichet, in his will devised a portion of his estate to his trustee for the use and benefit of his wife during her natural life, and further provided:

"Said trustee shall pay to my said wife during her life for her use, the net income of all property which may come into his hands under this item. It is my will that at the death of my said wife the property held by said trustee under this item shall pass and go as follows: 'one-half thereof shall go to my said son, Walter G. Wuichet, in fee simple and absolutely, and one-half thereof shall go to my said trustee for the benefit of my said granddaughter, Mary D. Wuichet, during her life." etc.

The widow elected to take under the will, and received the net income from

the trust estate until her death, which occurred March 19, 1939. At that time, among the securities held by said trustee were the following stocks:

97 Shares of 4% Guaranteed Betterment Stock in The Little Miami R. R. Co., and 312 Shares of 8.60% Capital Stock in The Little Miami R. R. Co.

On January 31, 1939, the board of directors of The Little Miami R. R. Co., declared four dividends on the two classes of stock for the entire year of 1939. The board of directors on that date passed four resolutions, the first of which reads as follows:

"RESOLVED: That the usual dividend of 2% be declared upon the capital stock of The Little Miami Railroad Company, other than the Special Guaranteed Betterment Stock, and upon said last named stock a dividend of 1% be declared, pursuant to the terms of the issue thereof; both dividends being payable on March 10, 1939, to stockholders of record on February 24, 1939, and that the transfer books be closed on February 24th and reopened on the morning of March 10, 1939."

The second, third and fourth resolutions were in the exact words of the first resolution, with the exception that the dividend on the capital stock was 2-1/5% instead of 2%, and with the further provision that in the second resolution the dividends were payable on June 10, 1939, to stockholders of record on May 25, 1939, and in the third resolution that the dividends were payable on September 9, 1939, to stockholders of record on August 25, 1939, and in the fourth resolution that the dividends were payable on December 9, 1939, to stockholders of record on November 24, 1939. The dividends so declared were the usual cash dividends.

It is agreed that the trustee received dividends as follows:

| | |
|---|---|
| March 10, 1939 | $360.50 |
| June 10, 1939 | 391.70 |
| Sept. 10, 1939 | 391.70 |

It is further agreed that on December 9, 1939, the trustee will receive an additional dividend of $391.70.

This court on the 25th day of March, 1939, appointed P. J. Sheridan executor of the estate of Flora K. Wuichet, the widow of the testator. The executor claims that the estate of Flora K. Wuichet is entitled to the dividends. It is conceded, and the parties have agreed, that the estate of Flora K. Wuichet is entitled to the dividends declared in the first resolution, which were payable on March 10, 1939, to the stockholders of record on February 24, 1939, both dates being prior to the death of Flora K. Wuichet.

The issue presented to the court concerns the right to the dividends declared in the second, third and fourth resolutions which were made payable on a date subsequent, and to stockholders of record on a date subsequent to the death of the first life tenant, and during the period covered by the second life tenancy. Inasmuch as this question arises in the administration of the trust established by the testator, it is the duty of the court to first ascertain the intention of the testator, if that be possible. However, in this case the testamentary intent does not stand out in sufficient clearness and distinctness to permit this case to be decided without a determination as to whether the first life tenant or the second life tenant is entitled to the dividends in question, as a matter of law.

This question has given rise to much litigation and a diversity of opinion among the courts of the several states. The courts are just now in the process of developing and establishing certain legal principles in apportioning dividends as between life tenants and remaindermen.

Before considering the legal effect on the right of the parties, of the action of the board of directors in making the dividends payable to stockholders of record on a day certain, it will be profitable to review briefly the law as it has been so far developed, with respect to the rights of life tenants and remaindermen to dividends declared on a certain date and made payable at a later date. The principles of law applicable to such a situation furnish a necessary legal background for any new rule of law which may be applied to a

situation such as is presented in the instant case.

When the question concerns the right of either the life tenant or the remaindermen, to dividends declared during the life of the life tenant but payable after his death, three distinct rules have been evolved which are generally followed by the courts with certain modifications. The Pennsylvania rule makes the source of the fund from which the dividend is earned the criterion, and makes no distinction between extraordinary cash or stock dividends, apportioning each in such a manner as to keep the corpus of the estate intact. It is generally conceded that this rule affords difficulty in its administration. The Kentucky rule makes the time of the declaration of the dividend the criterion, and gives both cash and stock dividends, though quite extraordinary, to the life tenant if declared during the life of the life tenant even though payable after his death. The Massachusetts rule makes the form of the dividend the criterion, and distributes all cash dividends, whether ordinary or extraordinary, to the life tenant even though payable after his death, and all stock dividends to the remaindermen. For a complete discussion of these rules see 24 A. L. R. 9; 72 A. L. R. 981; 83 A. L. R. 1261; 101 A. L. R. 1379. No court can now forsee which rule will finally emerge as the dominant rule. The courts have generally adopted either the Pennsylvania or the Massachusetts rule, although the most recent tendency seems to be toward the latter rule. 72 A. L. R. 982.

The Supreme Court of Ohio considered this question in the case of Wilberding, Admr. v Miller, 90 Oh St 28 (1914), in which it failed to state a satisfactory rule. However, in the case of Lamb v Lehmann, 110 Oh St 59 (1924), the court adopted the Massachusetts rule and on page 74 say:

"It is impossible to reconcile the reasoning of the various jurisdictions in their respective discussions of these rules, and the reasonable limits of this opinion will not permit a discussion of the reason why this court can not

follow the English and Pennsylvania rules, and we will therefore merely discuss as briefly as we may the Massachusetts rule, which we have decided to follow."

Again on page 80 the court say:

"The Massachusetts rule operates in perfect harmony with the testamentary intent, assuming that when that intent is expressed in general terms there is an implication that corporate policies and the recognized legal relations between the corporation and its stockholders should be the pole-star of interpretation."

Thus it will be seen that the Supreme Court of Ohio, in following the Massachusetts rule, makes the form of the dividend the criterion, and holds that all cash dividends should be distributed to the life tenant, and all stock dividends to the remaindermen. This rule of law is grounded on another and a universally recognized principle of law that the declaration of a cash dividend creates a debt in favor of the stockholders who hold such stock at the time of the declaration. The reason for this holding is that the effect of the declaration of the dividend is to segregate the earnings, to the amount of the dividend, from the corporation's assets and to appropriate the same to the then stockholders. The right of the stockholder becomes fixed by the declaration. The debt then is established, even though the time of payment is postponed. The payment is postponed only for the convenience of the corporation. See 13 Am Juris. 669; Lamb v Lehmann, 110 Oh St 59, supra.

In the case at Bar, if the board of directors had merely declared the dividend during the life of the first life tenant and made it payable on a date subsequent to the death of the first life tenant, the court would have no difficulty in applying the foregoing general rule of law, which would require such dividend to be distributed to the estate of the first life tenant on the theory that the owner of the stock on

the date the dividend was declared, would be entitled to the dividend even though such dividend was payable on a date subsequent to the death of such life tenant. However, the board of directors not only provided that the dividend should be payable on a date subsequent to the death of the first life tenant, but, also, stipulated that the dividend should be payable to the stockholders of record on a date subsequent to the death of the first life tenant. What effect did the action of the board, in making the dividend payable to stockholders on a record date, have on the application of the general rule of law? Does the existence of this additional factor create an exception to the general rule? In **Vol. 40, O. Jur. 404,** we find this statement:

"Hence, if an ordinary cash dividend is declared before the life tenant dies and is payable to all stockholders of record at a date set, which is prior to the life tenant's death, but he dies before payment is made, his estate is entitled to the dividend. **If, however, the date set by the directors of the corporation is later than that of the life tenant's death, then his estate is not entitled to the dividend."**

No authorities are cited in support of the text. There is no statutory provision which controls, and no recorded opinion in Ohio has been found which has determined this particular question. However, this question has been considered by courts in other jurisdictions, and the exception to the general rule, in most instances, has been approved. In 13 Am Juris. 669, the text writer in commenting on the rule that the declaration of a cash dividend creates a debt in favor of the stockholders on the date of the declaration, states the rule as follows:

"The mere declaration may be insufficient to accomplish this in all cases, as where the resolution in terms provides that the dividend is payable to stockholders of record at a future date. There has been no apparent denial of the power of the board of directors thus to fix the day when the appropriation of a portion of the assets to the stockholders shall take place."

On page 715, the author states the rule as follows:

"Where by the terms of the resolution declaring it, a dividend is payable to stockholders of record at a future date, and before such date, but after the dividend has been declared, the stock is sold, the dividend passes to the purchaser."

In Restatement of the Law of Trusts, Section 236, page 701, is found the following statement:

"Except as otherwise provided by the terms of the trust, if shares of stock of a corporation are held in trust to pay the income to a beneficiary for a designated period and thereafter to pay the principal to another beneficiary, (a) ordinary dividends declared during the period out of earnings of the corporation are income unless the dividends are payable to those who are shareholders of record on a designated date which is not within the period; if such dividends are payable to shareholders of record on a date within the period, they are income although declared prior to the period;"

In commenting on the legal trend which this question has taken, the editor in 101 A. L. R. 1379 (1936) states:

"The American Law Institute in the Restatement of the Law of Trusts, Sec. 236 (a), in harmony with the great weight of authority as shown in this series of annotations, declares (subject to exception if otherwise provided by the terms of the trust) that if ordinary dividends from earnings are payable to shareholders of record on a date within the period during which the income of the trust is payable to the beneficiary, they are income, although declared prior to that period; otherwise, if the dividends are payable to those who are stockholders of record on a designated date which is not within that period."

On this question the authorities are divided. In the case of Ford v Snook, 205 App. Div. (N. Y.) 196 (123), which supports the minority opinion, the court holds that the action of the board of directors in stipulating that a dividend shall be payable to the stockholders on a record date, is solely for the convenience of the corporation and does not affect the right of a stockholder to the dividend on the date of the declaration the leading case supporting the majority opinion is Richter & Co. v Light, Trustee, 97 Conn. 364, 116 Atl. 600 (1922). The court on page 368 held.

"The power of the directors to declare a dividend which shall vest in the stockholders of record on the day when their resolution is passed, implies and includes the power to declare a dividend which shall vest in the stockholders of record on another day. * * * The division made by their declaration creates debts in favor of certain individuals, and it is wise for the directors to define to whom these debts shall be due and when they shall be payable. Thereby the rights of all persons will become fixed and absolute; and thereupon the title will vest in each individual as one of the 'payees so named.'"

On page 369 the court say:

"It has been the general rule that the persons who are stockholders of the corporation at the time a dividend is declared are entitled to share in the dividend, regardless of the time when they acquired their stock or when the dividends were earned, and although the dividends are payable at a future date. But a careful examination discloses that this rule has not been applied in any case in which the record shows that the directors resolution in its terms declare that the dividend should be made to stockholders of record on a future day. We find no authority which pretends to limit the power of the board of directors to fix the day when a part of the assets of the corporation shall be separated and vested in its stockholders as individuals."

Again on page 370 the court say:

"Since it is universally held that the mere declaration of a dividend creates debts against the corporation in favor of certain stockholders as individuals, it would be unreasonable to withhold from the board of directors the power to declare specifically when those debts shall begin to exist and who those creditors shall be. In the recent text-books we find the statement that by the terms of the resolution declaring a dividend, it may be vested in stockholders of record on a day later than the day when the resolution was passed. 6 Fletcher, Cyc. of the Law of Corporations (1919) 6149; 2 Cook on Corporations (7th Ed. 1913) 1574; 2 Clark & Marshall on Private Corporations (1903) 1610."

The case of Richter v Light was approved and followed in the case of Nutter, Trustee v Andrews, Admr., which is the leading case in the state of Massachusetts, reported in 246 Mass. 224, 142 N. E. 67 (1923), in which the court held:

"Dividends upon corporate stock held by the trustee, declared before the death of the beneficiary for life and by the express terms of the declaratory vote payable on a day after such death to stockholders of record at a date after the death, where there is no specification that the dividend wholly was earned in, and also declared to be for a period before the death, should be treated by the trustee as income due to the beneficiary in remainder."

This case was approved and followed in the case of Ward v Blake, 247 Mass. 430, 142 N. E. 52.

In the case of Smith v Taecker, 133 Cal. App. 351, 24 Pac. (2d) 182 (1933) the court held:

"Where corporate resolution declares dividend as payable on future date, title to such dividend vests in stockholder on date fixed in resolution."

In the case of Buchanan v Nat'l. Savings & Trust Co., 23 Fed. Rep. (2d) 994 (1928), the Court of Appeals of the District of Columbia, on page 997 held:

"While the general rule for determining the person to whom a dividend on shares of corporate stock is payable, is that it belongs to the owner of the shares at the time the dividend is declared, that rule does not obtain where at the time the dividend is declared it is made payable to stockholders of record at a future date."

In the case of In re Opperman's estate, 319 Pa. 455, 179 Atl. 729 (1935), the court on page 734 say:

"Had the resolution declared, as is not uncommon, that the dividend should be paid to the owners of the capital stock on the dates mentioned, testator would not have become a creditor of the corporation when the dividend was declared: who would be its creditors because thereof could only be known when the date of payment arrived, and they would be the owners of the shares at that date."

We find that the courts have made an exception to the general rule which holds that the right to collect a cash dividend vests in the stockholder at the time of the declaration; the exception does not do violence to the general rule, neither is it out of harmony with the Massachusetts rule which has been approved by our Supreme Court. While in the instant case the issue does not arise between a life tenant entitled to the income and a remainderman entitled to the corpus, but between two successive life tenants, the general rule of law which has been approved by the Supreme Court of Ohio when only cash dividends are involved, is just as applicable to a situation where the successor interest is a life tenancy as where it is a remainder. We have found that the right of a life tenant to receive dividends declared during his life but payable after his death, under the Massachusetts rule, hinges on the date when the right to collect the dividend vests in the owner of the stock. When the board of directors declares a dividend on a certain date, payable on a future date, the right to the dividend vests in the owners of the stock on the date of declaration; but, when the board of directors, acting without an abuse of its authority and in the absence of fraud or collusion, stipulates in the declaration that the dividend shall be payable to the stockholders of record on a future date, the right to the dividend does not vest until that date arrives. In such instance, the right to the dividend vests in the owners of the stock on record date. It could not be otherwise. The owners of the stock who are to receive the dividends could not be determined before the record date arrives. By the very terms of the declaration, no right exists in favor of any stockholder until record date, and if perchance a sale has been made, or, as in the case at bar, the death of the life tenant has occurred, the beneficial ownership of the stock having passed to another, such successor owner is entitled to the dividend.

This court conceives the true rule to be: the right to an ordinary cash dividend declared by the board of directors on a certain date, but payable to the stockholders on a future record date, vests in the owners of the stock on said record date; as between a life tenant and a remainderman, or successive life tenants, unless a contrary intention appears in the instrument creating the trust, the beneficial owner of the stock on record date, rather than on date of declaration, is entitled to such dividends. When the testamentary intent is expressed in general terms, there is an implication that corporate policies and the recognized legal relation between the corporation and its stockholders should control as a rule of interpretation. Believing that this rule is just, and based on good logic, and that our own Supreme Court would approve it, we have no hesitation in applying it to the facts in this case.

Therefore, the court finds that the dividends declared in the second, third,

and fourth resolutions, payable to stockholders on a record date subsequent to the death of Flora K. Wuichet, are payable to Mary W. Blum.