## WUICHET, ESTATE AND TRUSTEESHIP OF, In Re

Ohio Appeals, 2nd Dist, Montgomery Co

No 1627. Decided May 22, 1940

By GEIGER, J.

This matter had its inception in the Probate Court of Montgomery County. Walter G. Wuichet, as trustee, under the last will and testament of Charles Wuichet, of one-half of his estate for the benefit of Flora K. Wuichet, the widow of the testator, for her natural life under Item IX of the will and under Item XII, one-fourth of the estate for the benefit of Mary W. Blum, granddaughter of the decedent, filed an application for order of distribution of the dividends received by him from the Little Miami Railway Company stocks.

Flora K. Wuichet, the widow of the decedent, died on the 19th day of March, 1939. The will of Charles provided that after her death, the trust estate so held for her benefit should be distributed one-half to the trustee in his own right, he being the son of the decedent, and the other one-half should go to the trustee for the benefit of

Mary W. Blum, granddaughter of the decedent for and during her life.

It is further represented that after the death of Flora K. Wuichet on the 19th day of March, 1939, under the order of the court, distribution of the portion of the estate held for the benefit of testator's widow, Flora, was made by the trustee to Mary W. Blum and to the trustee personally. Under this order certain stocks, to-wit, 97 shares of the 4% Guarantee Betterment stock of the Little Miami Railroad Company and 312 shares of the 8.60% capital stock of the Little Miami Railroad Company were distributed.

It is alleged that dividends on the above stocks were declared on January 31, 1939, by the Board of Directors of the Railroad Company prior to the death on March 19, 1939 of Flora K. Wuichet, for the entire year 1939. The application sets out the resolution of the Board of Directors in four paragraphs, each affecting the dividends as to both classes of stock and all being identical with a minor difference not of importance except that the first resolution provided that the usual dividend be declared pursuant to the terms of the issue thereof payable on March 10 to stockholders of record on February 24, 1939 and that the transfer books be closed on February 24, 1939. The three other resolutions provided that the dividend should be paid June 10th, September 9th and December 9th to stockholders of record on the dates specified in each resolution.

An agreed statement of facts relative to the application and order of distribution has been entered into by the attorneys for the respective claimants. It is agreed that Item IX of the will of Charles Wuichet provides, in substance, that one-half of his property shall be vested in and passed to the trustee for the use and benefit of his wife during her life to be invested in loans secured by first mortgages and certain designated bonds. "Said trustee shall pay to my said wife during her life for her own use the net income of all property which may come into his hands under this Item. It is

my will that at the death of my said wife the property held by my said trustee under this Item shall pass and go" as provided in said Item, one-half going to his trustee for the benefit of his granddaughter, Mary W. Blum, during her life to be governed by Item XII of his will, with certain provisions not of importance.

Item XII gives one-half of the remaining moiety of his estate to the trustee for the benefit of his granddaughter, Mary Blum during her life and the net income thereof, as well as the property which may come into the hands of the trustee under Item IX for her benefit shall be paid to her and that at her death the property held by the trustees for her benefit shall go to her descendants, etc.

The applicant as trustee for Flora D. Wuichet, now deceased, and Mary Blum prays the court for a determination and order to whom the enumerated dividends shall be paid and in what respective amounts.

The cause coming on for hearing, the Court ordered that the dividends from the stock of the Little Miami Railroad Company paid to the trustee of Charles Wuichet on March 10, 1939, in the amount of $360.00 be distributed two-thirds to P. J. Sheridan as executor of the estate of Flora K. Wuichet and one-third to Mary Blum. It is further ordered that the dividends received by the trustees from the Railroad Company, payable June 10, September 10 and December 9, 1939, each in the amount of $391.70 or a total of $1175.10 be distributed to Mary Blum, to which order the executor excepts and prosecutes error.

The controversy here is as to the distribution of the annual dividend from the enumerated stock declared by the directors of the corporation on January 31, 1939 and ordered to be paid to stockholders of record as four quarterly dividends. The first quarterly dividend being payable on March 10, 1939, and Flora K. Wuichet having died on March 19, 1939, it is conceded that this dividend should be paid to her execu-

tor. The controversy relates to the other three dividends.

The court below has filed a very interesting opinion reciting the facts and citing a number of cases. The only Ohio cases being **Wilberding, Admr. v Miller, 90 Oh St 28** and **Lamb v Lehman, 110 Oh St 59.**

In order to correctly determine the problem before us, we must examine first the provisions of the will and after that the conditions of the stock and the action of the directors.

By the third Item of the will, the trustee is vested with power to change the securities owned by the decedent at the time of his death, investing in other securities as has been already pointed out. The trustee did not exercise this power nor did he, at any time, change the ownership of the stock. The stock remained issued in his name as trustee of his decedent, even after the death of the widow.

There was no occasion for the corporation to in any way modify the situation that prevailed at the time of the declaration of the dividend. Whatever right attaches to the dividends affects the distribution of the dividends as may be made by the trustee.

Item IX provides, after the direction as to investment of his estate,

"Said trustee shall pay to my said wife during her life for her use, the net income of all property which may come into his hands under this Item. It is my will that at the death of my said wife the property held by said trustee under this item shall pass and go as follows: One-half thereof shall go to my said son, Walter G. Wuichet, in fee simple and absolutely, and one-half thereof shall go to my said trustee for the benefit of my said granddaughter, Mary D. Wuichet (Mary Blum) during her life."

The resolution of the Board of Directors of January 31st was to the effect that the usual dividends be declared as to both classes of stock "pursuant to the terms of the issue thereof".

Under the Ohio law, dividends may be declared only out of profits. The corporation need not declare all its surplus in dividends, but it may not declare a dividend unless there is a surplus out of which the same may be paid.

The directors' meeting was held on the 31st day of January, 1939, and presumably the dividend was declared out of profits made by the company during the prior fiscal year.

There are in Ohio no decisions on this point at issue that either counsel or the Court have been able to discover. There are two Ohio cases relating to dividends which are interesting, but not apparently applicable to the case at bar.

The first is **Wilberding v Miller, 90 Oh St 28.** The question there was whether or not a special stock dividend was or was not income that would go to the life tenant. The provision of the will was much the same as here, but the question was whether the life tenant or the remaindermen shall be entitled to a stock dividend declared out of earnings accumulated during a term of years and used by a company in improvement of its property.

The so called Pennsylvania Rule is that the ordinary dividends on stock held in trust belong to the person entitled to the income, but that extraordinary dividends should be apportioned between the life estate man and the remainderman in accordance with the amount thereof accumulated before and after the trust.

The so-called Massachusetts doctrine is to the effect that a simple rule is to regard cash dividends however large as income and stock dividends, however made, as capital.

Another interesting case is that of **Lamb v Lehman, 110 Oh St 59,** where it is held that where a will gives to a trustee certain shares of stock in a corporation with power of sale and reinvestment and instructions to pay the entire net income thereof to one person for life with remainder to another, all cash or property dividends declared thereon shall be payable to the person holding the life estate and all stock

dividends so called, shall become a part of the corpus of the estate and be held by the trustee during the life of the life tenant and distributed at his death to the remaindermen. The will in that case is quite similar to that now before us, but as will be discovered, the question is not the same, as it related to the distribution of special dividends as distinguished from the regular. All dividends in the case at bar were regular dividends.

We have explored a number of cases mostly relating to the distribution of special dividends, among which we cite,

Richter v Light, 97 Conn. 365.

Nutter v Andrews, 246 Mass. 224.

Buchanan v Savings Co., 23 Federal (2nd) 994.

In re Opperman's Estate, 319 P. 455. 101 A. L. R. 1379.

We find the principal stated in 40 O. Jur. 404.

As indicating a different principle see 13 Am. Jur. 669; Fletcher on Private Corporations, ¶5321; 13 Am. Jur. 713; Wright v Lord, 51 Indiana 272; Zell v Deposit Company, 196 Atl. 302; Ford v Snook, 199 N. Y. S. 630.

In the case at bar the directors declared a dividend and by the same resolution provided that it should be paid to the stockholders of record as of a given date. As before stated, this stockholder of record was the same during the year 1939, to-wit, the trustee of the decedent. Much that has been said as to the date at which the dividend is paid can have no reference to the action of the corporation in paying the dividend to the stockholders who stood during the entire year as the holder of stock on the books of the company. The question before us is, what is the proper distribution to be made by that trustee after the death of the widow, the life tenant, on March 19, 1939. At a date subsequent to her death he received further dividends. He could not pay them to the prior life tenant because she was dead. The will imposed upon him the duty of paying the income to the testator's granddaughter after the death of the widow. Under this provision of the will a part goes to the trustee personally and a part goes to Mary W. Blum, the granddaughter of the testator. This was the holding of the court below.

Judgment affirmed.

HORNBECK, PJ. & BARNES, J., concur.