In the Matter of the Estate of JAMES ROBB, Deceased.

Surrogate's Court, Kings County, March 13, 1942.

*Mitchell, Taylor, Capron & Marsh*, for the petitioners.

*Walter Jeffreys Carlin*, special guardian for Elizabeth Catlin, John B. Catlin, Jr., John Hamilton Crawford, Jr., and Russel Crawford, infants and contingent remaindermen in the trust created by the will.

McGAREY, S. The objections of the special guardian require the determination of the respective rights of the estate of the primary life beneficiary and the secondary life beneficiary to dividends on stock held in trust which were declared on November 20, 1940, payable January 15, 1941, to stockholders of record on December 16, 1940, the primary life beneficiary having died November 26, 1940:

(1) Where the trustee still held the stock on the record date and received the dividend, and

(2) Where the trustee sold stock on December 1, 1940, prior to the record date and after the death of the primary life beneficiary and the trustee did not receive the dividend or any part thereof.

The trustee contends that the estate of the primary life beneficiary is entitled to the dividend on the stock owned by the trustee on the record date and received by it, and is equitably entitled to an adjustment with respect to the dividend declared prior to the death of the primary life beneficiary on the stock sold subsequent thereto, but prior to the record date, and proposes to provide in the decree that out of the proceeds of the sale of the stock an amount equivalent to the dividend declared on the stock so sold be paid to the estate of the primary life beneficiary in full satisfaction of its claim with respect thereto.

The special guardian asserts that the estate of the primary life beneficiary is not entitled to either the dividend received by the trustee on the stock owned by it on the record date, or any portion of the proceeds of the sale of the stock prior to the record date, by reason of the declaration of the dividend prior to the death of the primary life beneficiary.

Research fails to disclose any case in this State in which the respective rights of successive beneficiaries of a trust to dividends on stock held subject to a trust have been determined, where the first beneficiary has died between the declaration date and the record date.

There are decisions stating

(1) A stockholder is not entitled to any portion of the earnings of a corporation or its surplus or undivided profits until the declaration of a dividend.

(2) When declared, a dividend becomes a debt of the corporation, payable to its stockholders.

(3) Dividends declared before the death of a life beneficiary belong to his estate, although they are not payable until after his death.

(4) There can be no apportionment of ordinary dividends between two successive life beneficiaries, or between principal and income.

*Matter of Kernochan* (104 N. Y. 618) is cited as authority for the principle that the owner of stock, when the dividend is declared, is entitled thereto, but an examination of the opinion shows that the court stressed the fact that the decedent died at eleven P. M. on the night of the record date, after the books of the company were closed for the payment of the dividend.

In the cases in this State recognizing the declaration date as controlling, no issue was presented requiring a choice between the declaration date and the record date subsequent thereto, nor does

it appear that there was any change of status of the claimants to the dividend between the declaration date and the record date, or that the question with respect thereto was raised or passed upon.

However, the court is frank to state that an examination of the account in *Matter of Armstrong* (N. Y. L. J. Feb. 10, 1936, p. 741) shows that while as to one of the three items of stock involved the death occurred after the record date, as to the other two death occurred between the declaration date and the record date, but the question was not raised, passed upon or discussed.

Similarly in the recent decision in *Matter of Wanzer* (177 Misc. 929) the point was not discussed, raised or passed upon, and, in fact, the court, in its opinion (p. 929), stated, " It does not appear on this submission what else, if anything, either resolution contained," referring to the dividend resolution.

In other jurisdictions, however, where there has been a conflict between the declaration date and the record date, and the death occurs between the two dates, the courts have held that the record date controls. (See *Buchanan* v. *National Savings & Trust Co.*, 23 F. [2d] 994; *Nutter* v. *Andrews*, 246 Mass. 224; 142 N. E. 67; *Ward* v. *Blake*, 247 Mass. 430; 142 N. E. 52; *Matter of Wuichet*, 30 Ohio L. Abs. 244; *Opperman's Estate*, 319 Penn. St. 455; 179 A. 729; *Given's Estate*, 323 Penn. St. 456; 185 A. 778.) The same principle has been recognized and set forth in the American Law Institute's Restatement of the Law of Trusts (Vol. 1, § 236 subd. [a]) and in the Uniform Principal and Income Act (§ 5, subd. 5).

The decisions dealing with this question have been very thoroughly annotated and clearly analyzed in 130 American Law Reports, Annotated, (pp. 492 *et seq.*, and particularly at p. 495).

Many of the decisions holding the declaration date controlling, involved private family corporations where no record date was prescribed as distinguished from corporations with stock listed on the exchanges and widely owned and distributed where record dates must be fixed.

While it is true that in this estate there has been no change of record ownership of the stock not sold, the court holds that the rights of the respective beneficiaries of a trust or claimants to dividends in an estate, should be determined by their status on the record date, in the absence of any controlling provision in the law.

There can be no apportionment of the dividend on the stock retained, or of any portion of the purchase price on the stock sold by reason of the declaration of the dividend prior to the death of the primary beneficiary, which occurred, however, prior to the sale of the stock and prior to the record date, but either the estate of the primary life beneficiary or the secondary life beneficiary is entitled to the whole of such dividend without apportionment.

The court accordingly holds that the estate of the primary life beneficiary is not entitled to any part of the proceeds of the sale of the stock on December 1, 1940, by reason of the fact that a dividend had been declared on the same on November 20, 1940, prior to her death on November 26, 1940, payable to stockholders of record on December 16, 1940, and which dividend was not received by the trustee, but presumably was paid to the purchaser of the stock, and that the secondary life beneficiary is entitled to the dividend on the shares of stock retained by the trustee and owned by it on the record date. The estate of the primary life beneficiary is not entitled to any dividends, even though declared prior to her death, where the dividend was payable to stockholders of record as of a date subsequent to her death, and the secondary life beneficiary is entitled to the same.

Proceed accordingly.